IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARI M.(SMITH)PRILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1286-JJF |
| | ) |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager; BEVERLY A. HIRT, individually and in her official capacity as Director of the Smyrna Public Library; and HARVEY LEGGETT, individually and in his official capacity as Supervisor of Streets/ Foreman of Public Works, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF**

1.   State all employment plaintiff has had since July, 2003 including the dates of employment, the name of employer, plaintiff's immediate supervisor, the rate of pay, job title and a brief description of the job duties involved.

**ANSWER:**



2.   Identify every witness or other person upon whom plaintiff relies in making the allegations contained in the Complaint and include the last known address and telephone number

of each such person.  Further, summarize the substance as to what each person would testify to if called as a witness.

**ANSWER:**




3.   State the name and address of each and every expert witness, if any, upon whom plaintiff relies on making the allegations of this Complaint or who is anticipated as a trial witness in this case.

**ANSWER:**




4.   State the names, last known addresses and telephone numbers of all persons who have been interviewed by you or on your behalf with regard to the facts alleged in the pleadings including the date of such each interview, the substance of each interview, and the names, last known addresses and telephone numbers of all persons who have copies of a resume, transcript or recording of each interview.

**ANSWER:**

5. With respect to the allegation in paragraph 12 of the Complaint that "plaintiff complained to defendant Town about the sexual harassment perpetrated by defendant Leggett against her" state the following:

    (a) the date of such complaint;

    (b) the exact nature of the complaint, including whether the complaint was in writing and

    (c) identify of the Town employee or official to whom plaintiff complained.

**ANSWER:**


6. With respect to the allegation in paragraph 15 of the Complaint that plaintiff had accessed the library without prior approval before December 20, 2002, state:

    (a) the dates on which plaintiff entered the library without prior approval,

    (b) the manner in which her access to the Library was made known to her superiors, and

    (c) identify the "superiors" to whom the prior access was made known.

**ANSWER:**

7.   With respect to your allegation in paragraph 18 of the Complaint that other employees in the Smyrna Public Library had previously obtained coverage for absences without obtaining defendants Hirt's approval prior to the absences and had not been disciplined, please state the following:

    (a)   identify each such employee;

    (b)   state the basis of your knowledge with respect to these employees obtaining coverage for absences without obtaining defendant Hirt's prior approval.

**ANSWER:**


8.   If you claim the right to recover any "out-of-pocket" expenses, including but not limited to medical expenses and without regard to whether such claim was previously stated in the complaint, state:

    (a)   The dollar amount of such expense;

    (b)   The date when it was incurred;

    (c)   The name and address of the person or organization to whom it was incurred;

    (d)   A description of the goods or services for which it was incurred;

  NOTE: If you claim the right to recover in this litigation any amount listed in the answers to the previous interrogatories

designate here specifically which amounts you claim the right to recover.

**ANSWER:**



9.   If you claim the right to recover medical expenses in the future in connection with the injuries resulting from the accident which is the subject of this litigation, state:

   (a)   The dollar amount of such expense;

   (b)   The approximate dates when such expenses will be incurred;

   (c)   An itemized statement of the amount of each such expense which will be incurred and a description of the service or goods for which such expense will be incurred.

**ANSWER:**



10.   If you claim any loss of income or earning power as a result of the accident which is the subject of this litigation, either in the past, at present, or in the future, state:

   (a)   The amount of income you claim to have lost as a result of the accident or the total dollar value of the loss of

earning power you claim to have lost as a result of the accident and identify specifically whether the claim is for loss of income or for loss of earning power. Describe specifically the manner in which you calculate the amounts stated in this answer to this interrogatory;

      (b) The specific inclusive dates when you claim to have been wholly unable to work as a result of the accident and the reason why you were unable to work on such dates;

      (c) The specific inclusive dates when you were partially unable to work as a result of the accident and the reason why you were partially unable to work on such dates;

      (d) A specific description of the type or types of work you would have been performing or would have been able to perform during the period stated in answer to the previous two parts of this interrogatory and the reason you were unable to perform that work;

      (e) The rate of income which you would have been able to receive except for the accident (as, for instance, $1.00 per hour, $50.00 per week, etc.);

      (f) If you claim that you would have been employed during the periods of your disability, the name and address of the person or organization which would have been your employer during the period of time when you claim to have lost income;

      (g) If you claim loss of earning power instead of loss

of earnings, the name and address of the persons or organizations by whom you could have been employed during the period when you claim to have sustained a loss of earning power;

    (h)  If you claim that you would have been or could have been self-employed during the period of your disability, state the type of work in which you would have or could have been involved and the amount of money you claim you would have earned during the period of your disability.

    (i)  Please sign the attached authorization for wage, salary and employment history information.

**ANSWER:**


    11.  State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and, as to each, state:

    (a)  Name and address;

    (b)  The date of initial employment;

    (c)  The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.), and the names and addresses of persons having copies of them;

    (d)  Whether such expert also rendered any service, in

connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the accident, designing machinery involved in the accident, etc.).

**ANSWER:**

12. As to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert and, as to each expert named, state:

    (a) The subject matter on which the expert is expected to testify;

    (b) The substance of the facts and opinions to which the expert is expected to testify;

    (c) A summary of the grounds for each such opinion;

    (d) The expert's qualifications to testify in the manner set forth in subparts (a)-(c) above, including but not limited to education, training, professional positions held and publications.

**ANSWER:**

                          **AKIN & HERRON, P.A.**

                          /s/Bruce C. Herron
                          Bruce C. Herron (ID # 2315)
                          1220 N. Market Street
                          Suite 300
                          P.O. Box 25047
                          Wilmington, DE 19899
                          (302) 655-5552
                          Attorney for Defendants

Dated: March 1, 2005

H:\tmw5\data\files\Docs\3651.021\PLED\1160.WPD