## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI (SMITH) PRILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1286- JJF |
| | ) | |
| TOWN OF SMYRNA, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

## OFFICE OF THE ATTORNEY GENERAL'S
## MOTION TO QUASH SUBPOENA *DUCES TECUM*

COMES NOW, the Office of the Attorney General, by and through counsel, Deputy Attorney General Eileen Kelly, and moves this Honorable Court to quash the subpoena *duces tecum* in the above captioned action. In support of this motion, the Office of the Attorney General states as follows:

1.      On or about December 16, 2005, a subpoena *duces tecum* was issued in the above referenced matter. *See* Exhibit A attached hereto. The subpoena is directed to the Records Custodian for the Office of the Attorney General in Dover, Delaware and commands production of the following documents on December 30, 2005:

> [T]he complete file, including all records, reports, documents, statements, notes, photographs, audio and/or video tapes, rape kit, and any other information relating to the rape charge made by Kari M. Smith on or about 12/20/02 against Harvey Leggett.

2.      This subpoena was issued by Plaintiff Kari (Smith) Priller ("Plaintiff") and, upon information and belief, seeks production of information relating to the Office

of the Attorney General's criminal investigation of allegations by Plaintiff that she was raped by Harvey Leggett.[1]

3.      The Office of the Attorney General is not a party to this action.

4.      Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides for the quashing of a subpoena which "requires disclosure of privileged or other protected matter" unless some exception or waiver applies.

5.      Delaware has recognized a governmental privilege for facts obtained by the Attorney General for its use in criminal prosecutions. *Beckett v. Trice*, 1994 WL 319171, at *3 (Del. Super. June 6, 1994) (attached hereto as Exhibit B). *See also Williams v. Alexander*, 1999 WL 743082, at *1 (Del. Super. June 29, 1999) (applying governmental privilege to State Fire Marshall records relating to arson investigation) (attached hereto as Exhibit C); *Atamian v. Bahar*, 2002 WL 264533, at *1 (Del. Super. Feb. 22, 2002) (applying governmental privilege to investigatory records of the State Division of Professional Regulation) (attached hereto as Exhibit D).

6.      In *Beckett*, plaintiff alleged that defendant private investigator wrongfully caused criminal charges to be filed against her. *Beckett*, 1994 WL 319171, at *1. Plaintiff sought to depose the Deputy Attorney General who ultimately dismissed the charges against her. She planned to use the Deputy's testimony to impeach the investigator and to demonstrate that the charges were dismissed upon the Deputy learning of the investigator's methods. *Id.* at *2. Specifically, she wanted to know what various witnesses had communicated to the Deputy. *Id.* at *3.

---

[1] The information requested does not constitute a public record within the meaning of the Freedom of Information Act, which expressly excludes investigatory files compiled for law-enforcement purposes. *See* 29 *Del. C.* § 10002(g)(3)

7.    The court held that the information sought by plaintiff was protected from discovery by the common law governmental privilege.

> In Delaware, the law is that the attorney general may "not be required to disclose facts coming to his knowledge for the use of the state in its prosecution of the accused." Communications between witnesses and the prosecutor are regarded as secrets of state, or matters the disclosure of which would be prejudicial to the public interests. They are therefore protected, and all evidence thereof excluded, from motives of public policy.

*Id.* at *3 (citations omitted).

8.    In this case, Plaintiff seeks production of information obtained by the Office of the Attorney General for use in a possible criminal prosecution. The information falls squarely within the governmental privilege, and therefore, is protected from discovery.

9.    Thus, in the absence of any exception to or waiver of the governmental privilege, Plaintiff's subpoena must be quashed and the Office of the Attorney General must be released from any obligation to produce the requested documents or appear for deposition on December 30, 2005 in the above-captioned action.

WHEREFORE, for the above mentioned reasons, the Office of the Attorney General respectfully requests that this Honorable Court issue an Order quashing the subpoena.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly (#2884)
Deputy Attorney General
Department of Justice
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400

DATE:  December 28, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KARI (SMITH) PRILLER,
                   )
      Plaintiff,        )
                   )
      v.               )      C.A. No. 04-1286- JJF
                   )
TOWN OF SMYRNA, ET AL.     )
                   )
      Defendants.

## **ORDER**

     **IT IS SO ORDERED,** this _____day of _____, _____, that

the Office of the Attorney General's Motion to Quash is hereby **GRANTED.**

                                             _____

                                             United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2005, I electronically filed *Office of the Attorney General's Motion to Quash Subpoena Duces Tecum* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: William D. Fletcher, Jr., Esquire and Bruce C. Herron, Esquire.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us