Westlaw.

Not Reported in A.2d                                                                                              Page 1

Not Reported in A.2d, 1994 WL 319171 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

H
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, Sussex County.
Sabrina BECKETT, Plaintiff,
v.
Bernard TRICE, Merit Services, Ltd., a Delaware corporation, Wells Fargo & Company, a Delaware corporation, Townsends, Inc., a Delaware corporation, and Borg Warner Corporation, a Delaware corporation, Defendants.
**Civ. A. No. 92C-08-029.**

Submitted: April 20, 1994.
Decided: June 6, 1994.

A. Dean Betts, Jr., Dept. of Justice, Wilmington, and Georgetown, for John R. Garey.
Edward C. Gill, Georgetown, for plaintiff.
David M. Lukoff, Wilmington, for defendant Bernard Trice.
Barry M. Willoughby, Wilmington, for defendant Townsends, Inc.
W. Wade W. Scott, Wilmington, for defendants Wells Fargo, Merit Services, Ltd. and Borg Warner Corp.

MEMORANDUM OPINION

LEE, Judge.
*1 The pending action is one which plaintiff Sabrina Beckett ("Beckett") has brought against the various defendants alleging, amongst other claims, malicious prosecution, abuse of process, harassment, invasion of privacy, and intentional and/or negligent infliction of emotional harm. In connection with this litigation, Beckett noticed the deposition of John R. Garey, a Deputy Attorney General with the Department of Justice of the State of Delaware. Mr. Garey has filed a motion seeking a protective order which would prevent the taking of his deposition testimony. This is the Court's decision on the pending motion.

FACTS

Beckett alleges the following in her complaint. [FN1] Defendant Townsends, Inc. ("Townsends") hired defendants Wells Fargo & Co., Merit Services, Ltd. and Borg Warner Corporation to provide an employee to Townsends to conduct drug investigations. The employee these defendants supplied Townsends was defendant Bernard Trice ("Trice"). Trice began working at Townsends, and he befriended and ultimately bedded Beckett. Beckett alleges Trice befriended, dated, bedded, and moved in with her as a part of Trice's employment and investigation. Trice then solicited marijuana from plaintiff, and as a result thereof, Beckett was arrested and charged with delivery of marijuana and maintaining a dwelling for the purchases and delivery of drugs. The State ultimately nolle prossed the charges.

FN1. The defendants dispute most of these allegations.

Beckett alleges no probable cause existed to institute the investigation and actions against her, and defendants' actions were intentional and taken with malice. She claims that as a result of defendants' actions, she lost her job, incurred attorney's fees in defending criminal charges and in expunging her criminal record, and suffered embarrassment, mental anguish, emotional harm, and damage to her reputation.

As noted earlier, Beckett scheduled the deposition of John R. Garey. Mr. Garey filed the pending motion for protective order, and in connection therewith, submitted an affidavit. In that affidavit, Mr. Garey states the following. He was the prosecutor assigned to the State's criminal case against Beckett. After receiving the evidence in the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 1994 WL 319171 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

case, he decided not to proceed to trial and, on or about March 26, 1991, he filed a notice of nolle prosequi with the Court. Mr. Garey did not personally involve himself in the criminal investigation. Rather, the investigating Delaware State Police Officer, Detective William West, provided to Mr. Garey all the facts and other evidence he relied upon for his decision. Mr. Garey states he made the decision to nolle prosse the charges in his official capacity as Deputy Attorney General assigned to the case.

Mr. Garey further asserts in his affidavit that, based upon conversations with Beckett's attorney, it is his understanding that the purpose of the deposition is to question him on: 1) his decision not to prosecute the charges against plaintiff; 2) his reasoning for this decision; and 3) the underlying facts on which he relied. Finally, Mr. Garey asserts that requiring him to reveal this information would hamper him in his future performance of his duties as a Deputy Attorney General because he would not be able to perform his duties if he has to worry that every decision he makes can be examined and questioned in a subsequent civil proceeding.

*2 Mr. Garey seeks the protective order on several grounds. He argues that the "deliberative process privilege" would protect any discretionary decisions. He also argues he cannot be compelled to be an expert witness on behalf of a litigant. Finally, he asserts he is entitled to invoke the governmental privilege.

In her response to this motion for protective order, Beckett does not submit any affidavit; she merely makes assertions. She asserts that Trice wrongfully instituted the prosecution by sleeping with her in order to investigate her; that she believes Trice did not give this information to the police and prosecutor, and instead, is shifting the blame for the prosecution to the Magistrate, the police and the prosecutor; Mr. Garey's testimony is necessary to show Trice's story is not correct; and his testimony may show the charges against Beckett were dropped once Mr. Garey learned about Trice's conduct.

Beckett represents she will not inquire into Mr. Garey's discretionary deliberative process but will inquire as to what facts and information were brought to Mr. Garey's personal knowledge regarding the events of the case. Beckett contends the disposition of the criminal charges is an element of the civil action and therefore, relevant. She also argues the deposition testimony is necessary to show defendants wrongfully withheld information from the police and prosecutor and the charges were dropped when this information came to the prosecutor's attention. Finally, she contends Mr. Garey waived any privilege when he voluntarily disclosed certain information to her counsel. However, because Beckett did not submit an affidavit to support this assertion, the Court ignores it.

DISCUSSION

In Super.Ct.Civ.R. 26(c), it is provided in pertinent part:
Upon motion ... by the person from whom discovery is sought, and for good cause shown, the Court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) That the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the Court; (6) that a deposition after being sealed be opened only by order of the Court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the Court.

Since Mr. Garey clearly has standing to seek a protective order under this rule, the issue before the Court is whether he has shown good cause for such.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                    Page 3
Not Reported in A.2d, 1994 WL 319171 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*3 I begin with Mr. Garey's contention that he is protected by the "deliberative process privilege". Beckett has represented that she does not intend to question him regarding his discretionary decision making process, and therefore, this issue is moot. However, I note, as an aside, that the "deliberative process privilege" does not exist in Delaware.

Next is Mr. Garey's contention that he cannot be compelled to testify as an expert witness for Beckett. Such a situation would occur if Beckett sought Mr. Garey's opinion on whether the investigation was legally proper. Mr. Garey's contention is correct, particularly where Beckett has not made any showing that Mr. Garey is a material witness. *State v. McLaughlin,* Del.Super., 514 A.2d 1139 (1986).

However, Beckett contends she is seeking to depose Mr. Garey only as a fact witness. She wants to determine what people told him regarding the events of the case and when they gave him this information. Mr. Garey asserts a governmental privilege with regard to any questions seeking factual information.

In Delaware Rules of Evidence ("D.R.E.") 508, it is provided:
(a) Claim of Privilege. If the law of the United States creates a governmental privilege that the courts of this State must recognize under the Constitution of the United States, the privilege may be claimed as provided by the law of the United States.
(b) Recognition of Privilege. A governmental privilege existing at common law, or created by the Constitution, statute or court rule of this State, shall be recognized.
(c) Effect of Sustaining Claim. If a claim of governmental privilege is sustained and it appears that a party is thereby deprived of material evidence, the court shall make any further orders the interests of justice require, including striking the testimony of a witness, declaring a mistrial, finding upon an issue as to which the evidence is relevant or dismissing the action.

In Delaware, the law is that the attorney general may "not be required to disclose facts coming to his knowledge for the use of the state in its prosecution of the accused." *State v. Brown,* Del.Oyer and Term., 36 A. 458, 463 (1896). Communications between witnesses and the prosecutor
are regarded as secrets of state, or matters the disclosure of which would be prejudicial to the public interests. They are therefore protected, and all evidence thereof excluded, from motives of public policy.

*Id.* at 463-64. *Accord Lepkowski v. Handsberry,* Del.Super., C.A. No. 84C-NO-117, Bifferato, J. (July 23, 1986). Thus, a common law governmental privilege exists here.[FN2]

> FN2. There is relatively little law in Delaware dealing with governmental privilege. In the case of *Morris v. Avallone,* Del.Super., 272 A.2d 344 (1970), a governmental privilege was found to exist by way of mandate which a state executive body promulgated pursuant to a legislative general enabling statute. On the other hand, in *Lefferts v. J.C. Penney Company,* Del.Super., C.A. No. 85C-JN-87, Balick, J. (August 3, 1989), no governmental immunity was found to exist, thereby precluding the application of D.R.E. 508(b).

Once a privilege is found to exist under D.R.E. 508(b), then the Court must determine the applicability of D.R.E. 508(c). The Court may make further orders necessary with regard to problems posed by the privilege if it appears a party may be deprived of material evidence upon the Court's sustaining the privilege. Before making such an order, however, the non-privileged party has the duty to establish it is deprived of material evidence due to the assertion of the privilege. *Greenspan v. State,* N.J.Super.A.D., 416 A.2d 449 (1980).

*4 Here, Beckett's position is not well-developed. She has not established that the evidence she seeks from Mr. Garey is material evidence to her case. Furthermore, she has not established that the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 4
Not Reported in A.2d, 1994 WL 319171 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

evidence, if material, cannot be obtained from any other source. It is only upon the establishment of such that this Court can consider making any order which takes the privilege into account.

Based on the foregoing, the Court holds that the testimony Beckett seeks from Mr. Garey is privileged and accordingly, enters an order prohibiting the taking of his deposition testimony.

IT IS SO ORDERED.

Del.Super.,1994.
Beckett v. Trice
Not Reported in A.2d, 1994 WL 319171 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.