Westlaw.

Not Reported in A.2d                                                                                           Page 1

Not Reported in A.2d, 1999 WL 743082 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Bertha WILLIAMS and Robert Wisko, as Executor of the Estate of Debra Lee Minor
v.
Joyce ALEXANDER
**No. 98C-05-036 WTQ.**

June 29, 1999.

Letter Opinion and Order on Plaintiffs' Motion to Compel-Motion Granted in part and Denied in part.

Eric M. Doroshow, Esquire, Stephani J. Ballard, Esquire, Doroshow, Pasquale, Krawitz, Siegel & Bhaya, Wilmington.
James J. Hanley, Esquire, Department of Justice, Wilmington.
Richard Pell, Esquire, Tybout Redfearn & Pell, Wilmington.
Roy Shiels, Esquire, Brown Shiels & Chasanov, Dover.

QUILLEN, J.
*1 Dear Counsel:

This is the Court's Opinion on Plaintiffs' Motion to Compel the State Fire Marshal to comply with a Subpoena Duces Tecum. For the reasons stated herein, the Motion is GRANTED in part and DENIED in part.

FACTS

Defendant Joyce Alexander owned a house at 102 E. 40th Street, Wilmington, Delaware. Ms. Alexander rented rooms in the house to several tenants, including Dorothy Hogan and Plaintiff Debra Minor. On June 29, 1996, Plaintiff Bertha Williams was visiting with Ms. Hogan at the house. Also present in the house that day was Debra Minor. Sometime in the early morning, it is alleged that an unknown assailant set fire to the structure. As a result of this fire, Ms. Williams fell from a second story window and was injured. Debra Minor was killed. [FN1] Both Plaintiffs brought an action against Ms. Alexander alleging that she negligently left flammable material on the front porch of the house, causing a hazardous condition.

   FN1. Plaintiff Robert H. Wisko is the Executor of the Estate of Debra Lee Minor.

The State Fire Marshal conducted an investigation of the fire. The Fire Marshal examined the scene, interviewed witnesses, and collected physical evidence. The current file on the incident contains notes and observations, transcriptions of interviews, and scientific test results. The investigation is presently classified as a possible arson.

In January 1995, the Plaintiffs issued a subpoena to the State Firm Marshal requesting "all documents relating to the fire that happened on 6/29/96 at 102 E. 40th Street, Wilmington, DE 19802." [FN2] The Fire Marshal objected, stating that the documents requested were privileged because they are part of an ongoing criminal investigation and that the release of such information could compromise the entire investigation. [FN3] Plaintiffs now bring a Motion to Compel the production of the requested documents.

   FN2. Reply Brief of Plaintiff, Bertha Williams, Exhibit No. 2 (Dkt. No. 38).

   FN3. Reply Brief of Plaintiff, Bertha Williams, Exhibit No. 3 (Dkt. No. 38).

DISCUSSION

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                                     Page 2
Not Reported in A.2d, 1999 WL 743082 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Delaware Rule of Evidence 508(b) states that "[a] governmental privilege existing at common law, or created by Constitution, statute or court rule of this State, shall be recognized." There does not appear to be any constitutional or statutory privilege of such information. [FN4] In fact, the statute that speaks of protecting Fire Marshal records, 16 *Del. C.* § 6625, is limited to those investigations which involve juveniles. To determine whether a privilege exists, we must look to the common law.

> FN4. Although the Freedom of Information Act expressly excludes "[i]nvestigatory files compiled for civil or criminal law-enforcement purposes including pending investigative files" from public inspection, the Act does not create a governmental immunity. 29 *Del.C.* § 10002(d)(3).

There appears to be a governmental privilege for facts obtained by the Attorney General for its use in criminal prosecutions. *Beckett v. Trice,* Del.Super., C.A. No. 92C-08-029, 1994 WL 319171, Lee, J. (June 6, 1994)(citing *State v. Brown,* Del. Oyer. and Term., 36 A. 458, 463-64 (1896)). As the *Brown* Court stated, communications between witnesses of the State and the Attorney General "are regarded as secrets of the State, or matters the disclosure of which would be prejudicial to the public interest. They are therefore protected, and all evidence thereof excluded, from motives of public policy." *Id.* at 463-64. The Court is satisfied that a governmental privilege exists for material obtained in the furtherance of a criminal investigation, whether it be collected by the Attorney General or the Fire Marshal. This privilege, however, is not absolute, and is subject to qualification. *Guy v. Judicial Nominating Commission,* Del.Supr., 659 A.2d 777, 783, *appeal dismissed by* 670 A.2d 1338 (1995).

*2 When deciding whether a privilege exists, the Courts must weigh the competing interests of the State and the parties seeking the information. *Cooney v. Sun Shipbuilding & Drydock Company,* E.D. Pa., 288 F.Supp. 708, 714 (1968). On the one hand, there is the interest in protecting the State's investigative reports to further the effective enforcement of State prosecutions "by encouraging full and frank disclosure of all information, even by those potentially liable; and on the other hand, liberal disclosure of all relevant, non-privileged information to litigants in civil actions." *Id.* In *Cooney,* after an extensive examination of cases related to governmental privilege, the District Court concluded that a common element in these cases

has been the Courts' refusal to require disclosure of those portions of the reports or files in issue embodying the statements of third party witnesses, but requiring the government agencies to divulge those portions of the files consisting of factual investigations by agency personnel; and in some instances, conclusions drawn therefrom as to the causes of the accident.

*Id.* at 716.

In this case, the fire occurred in June 1996, three years ago. The statute of limitations for arson is five years. The State may conceivably be prejudiced if such information is released before this five year window closes. On the other hand, the information is certainly material to the Plaintiffs' claim. Plaintiffs' claim is for negligence on the part of the Defendant in allowing the fire to occur, and the Fire Marshal's investigation deals directly with those issues. It would also be difficult for the Plaintiffs to duplicate the efforts of the Fire Marshal with respect to site examinations, scientific and physical evidence. Finally, the Fire Marshal has had almost three years in which to proceed with its case, and has yet to take any affirmative action. The statute of limitations does not necessarily fix the period for the qualified privilege. Weighing the interests of the State and the parties, I find that the State must disclose certain portions of its file relating to the fire. The Plaintiffs would suffer great hardship in proving their case without such information, and the Fire Marshal has had three years to pursue an investigation.

The Fire Marshal is ordered to disclose all material relating to the factual investigation of the fire, including reports regarding scientific and physical evidence and any conclusions drawn therefrom by State officials. The Fire Marshal is not, however,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                    Page 3
Not Reported in A.2d, 1999 WL 743082 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

required to disclose any information relating to interviews with non-parties, but is required to disclose information (including transcripts) related to interviews with parties, including Defendant Ms. Alexander. As I see it, the Defendant should know what is in her own statement. In order to mitigate any damage to an ongoing investigation, all information disclosed shall be subject to a protective order to prevent information from disseminating beyond the necessary personnel involved in this case. *See* Superior Court Civil Rule 26(c). The Attorney General is requested to draft and submit, on notice, such an order within ten days. Hopefully the Plaintiffs will stipulate as to the form of order. The Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part. An order will be entered upon presentment.

Del.Super.,1999.
Williams v. Alexander
Not Reported in A.2d, 1999 WL 743082 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.