**Westlaw.**

Not Reported in A.2d                                                                                         Page 1

Not Reported in A.2d, 2002 WL 264533 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

H
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Gabriel G. ATAMIAN, MD, Plaintiff,
v.
Arezoo A. BAHAR, DDS, and Collins Dental Association, Defendants.
**No. CIV.A. 01C-03-031HDR.**

Submitted: Feb. 15, 2002.
Decided: Feb. 22, 2002.

First physician served subpoena on Division of Professional Regulation seeking investigative records regarding second physician based upon first physician's complaints to Division. Division moved to quash subpoena. The Superior Court, Kent County, Henry duPont Ridgely, J., held that qualified government privilege applied to protect Division's investigative records from disclosure.

Motion granted.

West Headnotes

**Witnesses 410 216(1)**

410 Witnesses
   410II Competency
      410II(D) Confidential Relations and Privileged Communications
         410k216 Communications to or Information Acquired by Public Officers
            410k216(1) k. In General; Official or Governmental Privilege. Most Cited Cases
Qualified governmental privilege applied to protect Division of Professional Regulation's investigative records regarding first physician from disclosure to second physician, who made complaints regarding first physician to Division, where second physician's interest in obtaining this information derived from his civil complaint against first physician, second physician knew or should have known what information he provided to Division, and second physician did not show undue hardship in being required to discover relevant evidence like other civil litigants.

Upon Division of Professional Regulation's Motion to Quash Subpoena and Notice of Deposition Duces Tecum. Granted.

Gabriel G. Atamian, MD, Dover, pro se.
Michael B. Miller, Esq., Deputy Attorney General, Department of Justice, for the Division of Professional Regulation.

ORDER

RIDGELY, President J.
*1 This 22nd day of February, 2002, it appears that:

(1) The Division of Professional Regulation seeks to quash a subpoena served upon one of its employees by the Plaintiff in this matter, Gabriel G. Atamian, MD. On June 6, 2001, Plaintiff served a Subpoena and Notice of Deposition Duces Tecum on Gayle L. Franzolino, Administrative Assistant, Division of Professional Regulation ("The Division"), seeking "any and all investigative records regarding Gabriel G. Atamian by the Division of Professional Regulation." Plaintiff has explained that he wants to obtain records of an investigation of Dr. Bahar, one of the defendants here, based upon his own complaint to the Division. The State moves to quash the Subpoena and Notice on the grounds that the investigative file is privileged.

(2) The Freedom of Information Act exempts from disclosure investigative files compiled for civil or criminal law-enforcement purposes. [FN1] Because investigations by the Division can result in prosecution by the Department of Justice, [FN2] the exemption would apply in this case to any request by Plaintiff under the Freedom of Information Act.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                    Page 2
Not Reported in A.2d, 2002 WL 264533 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Plaintiff seeks the same information by subpoena.

>    FN1. 29 *Del. C.* § 10002(d)(3). This section excludes such files from so much as a designation as a "public record."

>    FN2. 29 *Del. C.* § 8807(h).

(3) It is well established that a qualified governmental privilege exists in the common law for material obtained for use in prosecutions by the attorney general. FN3 A court, presented with the possible application of this privilege, is to weigh the competing interests of the State and the party seeking the information. FN4

>    FN3. *Williams v. Alexander,* Del.Super., C.A. No. 98C-05-036, 1999 WL 743082 at *1, Quillen, J. (June 29, 1999).

>    FN4. *Id.*

(4) Plaintiff's interest in obtaining this information derives from his civil complaint against Dr. Bahar. The State's interest in protecting any investigative records it has is to further the effective enforcement of the professional licensing statutes. If permitted, discovery of such records may discourage some complainants from bringing pertinent information to the Division's attention. Protection of the material encourages full and frank disclosure of information to the Division. Plaintiff knows or should know what information he provided to the Division. He has not shown any undue hardship in being required to discover relevant evidence like other civil litigants. Plaintiff has not demonstrated in this case that his need for this information outweighs the interests of the State in protecting its investigative records. I am satisfied that the qualified governmental privilege applies in this case.

NOW, THEREFORE, IT IS ORDERED that the Division of Professional Regulation's Motion to Quash Subpoena and Notice of Deposition is GRANTED.

Del.Super.,2002.
Atamian v. Bahar
Not Reported in A.2d, 2002 WL 264533 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.