IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI M. (SMITH) PRILLER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | C.A. No.:   04-1286 (JJF) |
| | * | |
| TOWN OF SMYRNA, ET AL., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S RESPONSE TO NON-PARTY OFFICE OF THE ATTORNEY GENERAL'S MOTION TO QUASH SUBPOENA *DUCES TECUM***

COMES NOW Plaintiff, Kari (Smith) Priller, and respectfully requests that this Honorable Court enter an Order denying Non-Party Office of the Attorney General's Motion to Quash for the following reasons:

1. On September 21, 2004, Plaintiff, Kari (Smith) Priller, filed a Complaint against the Town of Smyrna and various individual defendants. Plaintiff's complaint alleged, *inter alia*, that she was raped by Defendant Harvey Leggett on December 20, 2002.

2. On December 16, 2005, Plaintiff issued a subpoena *duces tecum* to the Records Custodian for the Office of the Attorney General requesting the Attorney General's file relating to the rape charge against Harvey Leggett. Non-party Office of the Attorney General has now filed a Motion to Quash Plaintiff's subpoena, contending that such information is protected by a governmental privilege.

3. Although there is no statutory or constitutional governmental privilege pertaining to investigative reports, Plaintiff acknowledges that a "qualified governmental privilege exists in the common law for material obtained for use in prosecutions by the attorney general." Atamian

v. Bahar, 2002 Del. Super. LEXIS 59, at *2. When presented with a possible application of this privilege, the Court must "weigh the competing interests of the State and the party seeking the information." Id.

4. Although in Bahar the Superior Court held that the plaintiff was not entitled to the subpoenaed documents, in the case of Williams v. Alexander, 1999 Del. Super. LEXIS 410, the Superior Court did order the State to turn over documents from its investigation. In Williams, the Superior Court performed a balancing test and found that the "Plaintiffs would suffer great hardship in proving their case without such information." Id. at *6. The Superior Court reasoned that, because the State "has had almost three years in which to proceed with its case" and had failed to take any action in that time, the plaintiffs were entitled to information in the State's file. Id. The Superior Court, consequently, ordered the State to "disclose all material relating to the factual investigation" of the fire at issue in the Williams case. Id.

5. In the case currently before the Court, Plaintiff has a high interest in her civil case against the Town of Smyrna and the various individual defendants. Central to Plaintiff's claims is her allegation that she was raped by Defendant Harvey Leggett. Defendant Leggett, in his deposition in other litigation, however, denies that he had any sexual relationship with Plaintiff. (See Exhibit A) The information contained in the Attorney General's investigation, therefore, is vital to proving Plaintiff's ongoing civil case.

6. Further, it has now been over three years since the time Plaintiff was allegedly raped on December 20, 2002. The State has had ample time to conduct a full investigation. To the best of Plaintiff's knowledge, the State has not taken, nor does it intend to take, any action against Defendant Leggett. The State's investigation would not be compromised, at this point, if

it is required to permit Plaintiff access to the file in her case.

7.   Moreover, Plaintiff as the victim of an alleged rape, should be granted access to her own file, particularly if the State does not intend to prosecute the alleged perpetrator of this crime. Because Plaintiff's interests outweigh those of the State, Plaintiff is entitled to the information she requested in her subpoena.

WHEREFORE, Plaintiff, Kari (Smith) Priller, requests that the Court enter an Order denying Non-party Office of the Attorney General's Motion to Quash and compelling Non-party Office of the Attorney General to comply with Plaintiff's subpoena issued December 16, 2005.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher
WILLIAM D. FLETCHER, JR. (I.D. # 362)
414 South State Street
Post Office Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 12/30/05