# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

\- - -

| | |
|---|---|
| JOHN R. BAKER, JR., | : |
| | : Civil Action |
| Plaintiff, | : No. 04-1457 |
| | : |
| vs. | : |
| | : TRIAL BY JURY OF 12 |
| TOWN OF SMYRNA; DAVID S. HUGG, III, individually and in his official capacity os Town Manager; JOSEPH HEEGER, individually and in his official capacity as supervisor of Public Works; and HARVEY LEGGETT, individually and in his official capacity as supervisor of Streets, | : |
| | : |
| Defendants. | : |

\- - -

Deposition of HARVEY LEGGETT, taken pursuant to notice before Gail Inghram Verbano, RPR-RMR, CSR No. 8635, in the law offices of Schmittinger & Rodriguez, P.A., 414 South State Street, Dover, Delaware 19903, on Tuesday, March 22, 2005, beginning at approximately 12:10 p.m., there being present:

\- - -

CORBETT & ASSOCIATES
Registered Professional Reporters
1400 French Street Wilmington, DE 19801
(302) 571-0510
www.corbettreporting.com

APPEARANCES:

WILLIAM FLETCHER, ESQ.
SCHMITTINGER & RODRIGUEZ, P.A.
414 South State Street
Dover, Delaware 19903
Attorney for Plaintiff

BRUCE C. HERRON, ESQ.
AKIN & HERRON, P.A.
1220 North Market Street, Suite 300
Wilmington, Delaware 19899
Attorney for Defendants

\- - -

A Yes.

Q That's the DUI arrest itself?

A Right.

Q And the license was revoked, it looks like, around March 30th of '03. Does that sound right?

A Okay.

Q Does that sound right?

A Yes.

Q So when Mr. Baker began working for the town of Smyrna in April of '03, you didn't have a license to drive vehicles for the town; is that correct?

A Right.

Q Now, the end of the year, '02, you had another incident that involved the town --

A What does this got to do with --

MR. HERRON: Let him ask the question first.

THE WITNESS: Okay.

BY MR. FLETCHER:

Q You had another incident involving the town of Smyrna; correct?

MR. HERRON: Can you be more

specific.

BY MR. FLETCHER:

Q Okay. Well, you had an incident involving a Ms. Smith on the town of Smyrna property; correct?

A Correct.

Q Okay. And do you remember when that happened?

A No.

Q Did it happen in December of '02?

A Yes.

Excuse me.

(Discussion off the record.)

BY MR. FLETCHER:

Q Okay. And Ms. Smith was an employee of the town of Smyrna; correct? At that time.

MR. HERRON: You can answer.

THE WITNESS: Yes.

BY MR. FLETCHER:

Q Okay. And I'm not going to go into all the details of what happened.

A Yeah, because I don't know what this got to do with --

Q Let me just -- after it happened, you

were interviewed, were you not, by Mr. Heeger about that incident?

A No, I was interviewed by the town manager.

Q Mr. Hugg?

A Yes.

Q Was Mr. Heeger present?

A Yes.

Q Okay. Well, while you were being interviewed in the presence of those two town employees, did you tell them that part of the reason that the incident occurred was because you had too much to drink, liquorwise? alcohol?

A No, I told them we was both drinking.

Q But putting aside her for a moment, did you tell them that you felt that you were under the influence of alcohol?

A No.

Q Did you tell them that you were inebriated?

A I told them that I had a couple of drinks.

Q So you did tell them that you had some alcohol that night?

A Yes.

Q Okay. And did you also tell them that you and the woman did have sexual intercourse on town property?

A No, I did not.

Q You did not tell them that?

A No, we didn't -- no. If you read the thing there, it would tell you.

Q What would?

A So what does --

Q I just want to know what you told Mr. Heeger or Mr. --

A What does this got to do with --

Q Well --

A I feel as though I'm not answering any more of these questions. It doesn't have a basis of what I'm here for.

Q I want to know -- what I'm asking is, did you tell them that alcohol played a role in your behavior that night?

A No.

Q So if Mr. Heeger said that that's what you did tell him, you would disagree with that?

A I said that we had some drinks. I didn't

say I was inebriated, whatever you want to say.

Q Well, let's put aside inebriated. Did you tell them that you thought alcohol had a role in your behavior that night?

A No. I said we had a couple of drinks.

Q Okay.

A We both did.

Q Did you tell them, though, at some point that you and the woman did have sexual intercourse?

A We did not have sexual intercourse.

Q All right. Did you tell them that at some point you and the woman had a sexual relationship?

A We did not have a sexual relationship.

Q So did you tell them that nothing of a sexual nature occurred that night?

MR. HERRON: He's just asking about what you told Mr. Heeger, now. What you remember telling Mr. Heeger.

THE WITNESS: No, we didn't have a sexual relationship.

MR. HERRON: He's not asking about what actually happened that night. He's just asking what you remember telling Mr. Heeger or Mr. Hugg.

THE WITNESS: No, we did not have a sexual relationship.

BY MR. FLETCHER:

Q And that's what you told them?

A Yes, we did not have a sexual relationship.

Q All right. As a result of the incident, were you disciplined?

A Yes.

Q What was your discipline?

A I was -- I was laid off for about two weeks.

Q And did you receive pay for those two weeks?

A Yes, until the outcome of what they found.

Q And after what they found, did you continue to receive pay?

A Yes, and I was instructed not to go to the library or have anything to do with her.

Q What was your position at that time?

A Foreman.

Q Foreman?

A Yeah. Just had started.

# EXHIBIT B

LexisNexis® Total Research System
Switch Client | Preferences | Feedback | Sign Off | ? Help
My Lexis™ Search Research Tasks Search Advisor Get a Document Shepard's® Alerts History
FOCUS™ Terms FOCUS Options...
View: Cite | KWIC | Full | Custom PREV 3 of 3 Print | Download | Fax | Email | Text Only
Save As Alert | More Like This | More Like Selected Text | Shepardize® | TOA

Atamian v. Bahar, 2002 Del. Super. LEXIS 59 Pages: 4

Source: Legal > / / > DE State Cases, Combined
Terms: name(atamian and bahar) (Edit Search | Suggest Terms for My Search)

*2002 Del. Super. LEXIS 59, **

GABRIEL G. **ATAMIAN**, MD, Plaintiff, v. AREZOO A. **BAHAR**, DDS, AND COLLINS DENTAL ASSOCIATION, Defendants.

C.A. No. 01C-03-031 HDR

SUPERIOR COURT OF DELAWARE, KENT

2002 Del. Super. LEXIS 59

February 15, 2002, Submitted
February 22, 2002, Decided

**SUBSEQUENT HISTORY:** Related proceeding at Atamian v. Ellis, 2002 Del. LEXIS 739 (Del., Dec. 13, 2002)
Related proceeding at Atamian v. Ellis, 813 A.2d 1140, 2002 Del. LEXIS 887 (Del., 2002)
Summary judgment granted by Atamian v. Bahar, 2005 Del. Super. LEXIS 156 (Del. Super. Ct., Mar. 30, 2005)

**DISPOSITION:** **[*1]** Motion to quash subpoena and notice of deposition was granted.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff doctor served a Subpoena and notice of deposition duces tecum on an employee of movant state agency, seeking any and all investigative records regarding the doctor. The agency moved to quash the subpoena and notice of deposition on grounds that the investigative file sought was privileged.

**OVERVIEW:** The court held the Freedom of Information Act exempts from disclosure investigative files compiled for civil or criminal law-enforcement purposes, Del. Code Ann. tit. 29, § 10002(d)(3). The court held a qualified governmental privilege existed for material obtained for use in prosecutions. A court, presented with the possible application of the privilege, was to weigh the competing interests of the State and the party seeking the information. The doctor's interest in obtaining the information derived from a civil complaint. The State's interest in protecting any investigative records was to further the effective enforcement of the professional licensing statutes. If permitted, discovery of such records could discourage some complainants from bringing pertinent information to the agency's attention. Protection of the material encouraged full and frank disclosure of information. The court found the doctor knew or should known what information he provided to the agency. The court held the doctor did not demonstrate that his need for the information outweighed the interests of the State.

**OUTCOME:** The agency's motion to quash the subpoena was granted.

**CORE TERMS:** investigative, subpoena, Freedom of Information Act, governmental privilege, disclosure

**LexisNexis(R) Headnotes** Hide Headnotes

Administrative Law > Governmental Information > Freedom of Information 

HN1 The Freedom of Information Act exempts from disclosure investigative files compiled for civil or criminal law-enforcement purposes, Del. Code Ann. tit. 29, § 10002(d)(3) More Like This Headnote

Administrative Law > Governmental Information > Freedom of Information 

HN2 A qualified governmental privilege exists in the common law for material obtained for use in prosecutions by the attorney general. A court, presented with the possible application of this privilege, is to weigh the competing interests of the State and the party seeking the information. More Like This Headnote

**COUNSEL:** Gabriel G. Atamian, MD, Dover, Delaware, Pro se.

Michael B. Miller, Esq , Deputy Attorney General, Department of Justice, for the Division of Professional Regulation

**JUDGES:** Henry duPont Ridgely, President Judge.

**OPINIONBY:** Henry duPont Ridgely

**OPINION: ORDER**

This 22nd day of February, 2002, it appears that:

(1) The Division of Professional Regulation seeks to quash a subpoena served upon one of its employees by the Plaintiff in this matter, Gabriel G. Atamian, MD. On June 6, 2001, Plaintiff served a Subpoena and Notice of Deposition Duces Tecum on Gayle L. Franzolino, Administrative Assistant, Division of Professional Regulation ("The Division"), seeking "any and all investigative records regarding Gabriel G. Atamian by the Division of Professional Regulation." Plaintiff has explained that he wants to obtain records of an investigation of Dr. Bahar, one of the defendants here, based upon his own complaint to the Division The State moves to quash the Subpoena and Notice on the grounds that the investigative file is privileged

(2) HN1 The Freedom of Information Act exempts **[*2]** from disclosure investigative files compiled for civil or criminal law-enforcement purposes. n1 Because investigations by the Division can result in prosecution by the Department of Justice, n2 the exemption would apply in this case to any request by Plaintiff under the Freedom of Information Act Plaintiff seeks the same information by subpoena.

(3) It is well established that HN2 a qualified governmental privilege exists in the common law for material obtained for use in prosecutions by the attorney general n3 A court, presented with the possible application of this privilege, is to weigh the competing interests of the State and the party seeking the information. n4

(4) Plaintiff's interest in obtaining this information derives from his civil complaint against Dr. Bahar The State's interest in protecting any investigative records it has is to further the effective enforcement of the professional licensing statutes. If permitted, discovery of such records may discourage some complainants from bringing pertinent information to the Division's attention. Protection of the material encourages full and frank disclosure of information to the Division Plaintiff knows or should know what **[*3]** information he provided to the Division He has not shown any undue hardship in being required to discover relevant evidence like other civil litigants. Plaintiff has not demonstrated in this case that his need for this information outweighs the interests of the State in protecting its investigative records. I am satisfied that the qualified governmental privilege applies in this case

\- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 29 *Del. C.* § 10002(d)(3) This section excludes such files from so much as a designation as a "public record."

n2 29 *Del. C.* § 8807(h).

n3 *Williams v. Alexander*, 1999 Del. Super. LEXIS 410, Del. Super., C.A. No. 98 C-05-036, 1999 WL 743082 at * 1, Quillen, J. (June 29, 1999)

n4 *Id.*

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**NOW, THEREFORE, IT IS ORDERED** that the Division of Professional Regulation's Motion to Quash Subpoena and Notice of Deposition is **GRANTED**

/s/ Henry duPont Ridgely

President Judge

View: Cite | KWIC | Full | Custom PREV 3 of 3 NEXT Print | Download | Fax | Email | Text Only

Save As Alert | More Like This | More Like Selected Text | *Shepardize®* | TOA

**Atamian v. Bahar, 2002 Del. Super. LEXIS 59** Pages: 4

Source: Legal > / . . / > **DE State Cases, Combined**

Terms: **name(atamian and bahar)** (Edit Search | Suggest Terms for My Search)

View: Full

Date/Time: Wednesday, December 28, 2005 - 2:40 PM EST

* Signal Legend:

- Warning: Negative treatment is indicated

- Questioned: Validity questioned by citing refs

- Caution: Possible negative treatment

- Positive treatment is indicated

- Citing Refs. With Analysis Available

- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

*My Lexis™* | Search | Research Tasks | Search Advisor | Get a Document | *Shepard's®* | Alerts

History | Delivery Manager | Switch Client | Preferences | Feedback | Sign Off | Help

About LexisNexis | Terms & Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT C



Source: Legal > / / > DE State Cases, Combined

Terms: "governmental privilege" & "attorney general" & "criminal investigation" (Edit Search | Suggest Terms for My Search)

*1999 Del. Super. LEXIS 410, **

Bertha Williams and Robert Wisko, as Executor of the Estate of Debra Lee Minor v. Joyce Alexander

C.A. No. 98C-05-036 WTQ

SUPERIOR COURT OF DELAWARE, NEW CASTLE

1999 Del. Super. LEXIS 410

April, 14, 1999, Date Submitted
June 29, 1999, Date Decided

**DISPOSITION: [*1]**

Plaintiff's Motion to Compel GRANTED in part and DENIED in part.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiffs brought a motion to compel the state fire marshal to comply with a subpoena duces tecum. Plaintiffs sought documents relating to an investigation conducted by the fire marshal of a fire classified as a possible arson.

**OVERVIEW:** Plaintiffs, an individual injured in a house fire and the executor of the estate of an individual killed in the same fire, brought a motion to compel the state fire marshal to comply with an subpoena duces tecum. Plaintiffs brought suit against the owner of the home in which the fire occurred for negligence for allegedly leaving flammable material on the front porch of the house. The fire marshal had classified the fire as a possible arson and refused to comply with the plaintiffs' subpoena based on governmental immunity pursuant to Del. R. Evid. 508(b). The court held that governmental immunity was not an absolute privilege, but was subject to the competing interests of the parties. The court therefore ordered the fire marshal to produce all documents related to the factual investigation, but denied plaintiffs access to transcripts of non-party interviews.

**OUTCOME:** Plaintiffs motion to compel the state fire marshal to comply with a subpoena duces tecum was granted in part and denied in part. The fire marshal was order to disclose all material relating to the factual investigation of the fire, but not required to disclose any information relating to interviews with non-parties.

**CORE TERMS:** governmental privilege, disclosure, physical evidence, interviews, common law, investigative, personnel, criminal investigation, statute of limitations, required to disclose, scientific, collected, disclose, ongoing, window, arson

**LexisNexis(R) Headnotes** Hide Headnotes

Evidence > Privileges > Governmental Privilege

HN1 Del. R. Evid. 508(b) states that a **governmental privilege** existing at common law, or created by Constitution, statute or court rule of this State, shall be recognized. More Like This Headnote | *Shepardize:* Restrict By Headnote

Evidence > Privileges > Governmental Privilege

HN2 There appears to be a **governmental privilege** for facts obtained by the **Attorney General** for its use in criminal prosecutions. More Like This Headnote | *Shepardize:* Restrict By Headnote

**COUNSEL:** Eric M Doroshow, Esquire, Stephani J Ballard, Esquire, Doroshow, Pasquale, Krawitz, Siegel & Bhaya, Wilmington, DE

James J. Hanley, Esquire, Department of Justice, Wilmington, DE

Richard Pell, Esquire, Tybout Redfearn & Pell, Wilmington, DE

Roy Shiels, Esquire, Brown Shiels & Chasanov, Dover, DE.

**JUDGES:** WILLIAM T. QUILLEN, JUDGE.

**OPINIONBY:** William T. Quillen

**OPINION:** Letter Opinion and Order on Plaintiff's Motion to Compel

This is the Court's Opinion on Plaintiffs' Motion to Compel the State Fire Marshal to comply with a Subpoena Duces Tecum For the reasons stated herein, the Motion is GRANTED in part and DENIED in part

**FACTS**

Defendant Joyce Alexander owned a house at 102 E. 40th Street, Wilmington, Delaware. Ms. Alexander rented rooms in the house to several tenants, including Dorothy Hogan and Plaintiff Debra Minor On June 29, 1996, Plaintiff Bertha Williams was visiting with Ms. Hogan at the house. Also present in the house that day was Debra Minor. Sometime in the early morning, it is alleged that an unknown assailant set fire to the structure. As a result of this fire, Ms. Williams fell from **[*2]** a second story window and was injured. Debra Minor was killed. n1 Both Plaintiffs brought an action against Ms. Alexander alleging that she negligently left flammable material on the front porch of the house, causing a hazardous condition.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Plaintiff Robert H. Wisko is the Executor of the Estate of Debra Lee Minor.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

The State Fire Marshal conducted an investigation of the fire. The Fire Marshal examined the scene, interviewed witnesses, and collected physical evidence The current file on the incident contains notes and observations, transcriptions of interviews, and scientific test results. The investigation is presently classified as a possible arson

In January 1995, the Plaintiffs issued a subpoena to the State Firm Marshal requesting "all documents relating to the fire that happened on 6/29/96 at 102 E. 40th Street, Wilmington, DE 19802." n2 The Fire Marshal objected, stating that the documents requested were privileged because they are part of an ongoing **criminal investigation** and that the release **[*3]** of such information could compromise the entire investigation. n3 Plaintiffs now bring a Motion to Compel the production of the requested documents

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Reply Brief of Plaintiff, Bertha Williams, Exhibit No 2 (Dkt. No 38).

n3 Reply Brief of Plaintiff, Bertha Williams, Exhibit No. 3 (Dkt. No 38).

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**DISCUSSION**

HN1 Delaware Rule of Evidence 508(b) states that "[a] **governmental privilege** existing at common law, or created by Constitution, statute or court rule of this State, shall be recognized." There does not appear to be any constitutional or statutory privilege of such information. n4 In fact, the statute that speaks of protecting Fire Marshal records, 16 *Del. C.* § 6625, is limited to those investigations which involve juveniles. To determine whether a privilege exists, we must look to the common law

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Although the Freedom of Information Act expressly excludes "investigatory files compiled for civil or criminal law-enforcement purposes including pending investigative files" from public inspection, the Act does not create a governmental immunity 29 *Del.C.* § 10002(d)(3).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*4] HN2

There appears to be a **governmental privilege** for facts obtained by the **Attorney General** for its use in criminal prosecutions. *Beckett v. Trice,* 1994 Del. Super. LEXIS 275, Del Super., C.A. No. 92 C-08-029, 1994 WL 319171, Lee, J. (June 6, 1994) (citing *State v. Brown,* Del. Oyer. and Term., 16 Del. 380, 36 A. 458, 463-464 (1896)). As the *Brown* Court stated, communications between witnesses of the State and the **Attorney General** "are regarded as secrets of the State, or matters the disclosure of which would be prejudicial to the public interest. They are therefore protected, and all evidence thereof excluded, from motives of public policy " 36 A. at 463-464. The Court is satisfied that a **governmental privilege** exists for material obtained in the furtherance of a **criminal investigation,** whether it be collected by the **Attorney General** or the Fire Marshal This privilege, however, is not absolute, and is subject to qualification. *Guy v. Judicial Nominating Commission,* Del. Supr., 659 A.2d 777, 783, *appeal dismissed by* 1995 Del. LEXIS 314, 670 A.2d 1338 (1995).

When deciding whether a privilege exists, the Courts must weigh the competing interests of **[*5]** the State and the parties seeking the information. *Cooney v. Sun Shipbuilding & Drydock Company,* E.D.Pa., 288 F. Supp. 708, 714 (1968). On the one hand, there is the interest in protecting the State's investigative reports to further the effective enforcement of State prosecutions "by encouraging full and frank disclosure of all information, even by those potentially liable; and on the other hand, liberal disclosure of all relevant, non-privileged information to litigants in civil actions " *Id.* In *Cooney,* after an extensive examination of cases related to **governmental privilege,** the District Court concluded that a common element in these cases

> has been the Courts' refusal to require disclosure of those portions of the reports or files in issue embodying the statements of third party witnesses, but requiring the government agencies to divulge those portions of the files consisting of factual investigations by agency personnel; and in some instances, conclusions drawn therefrom as to the causes of the accident.

*Id.* at 716.

In this case, the fire occurred in June 1996, three years ago The statute of limitations for arson is five **[*6]** years. The State may conceivably be prejudiced if such information is released before this five year window closes On the other hand, the information is certainly material to the Plaintiffs' claim. Plaintiffs' claim is for negligence on the part of the Defendant in allowing the fire to occur, and the Fire Marshal's investigation deals directly with those issues. It would also be difficult for the Plaintiffs to duplicate the efforts of the Fire Marshal with respect to site examinations,

scientific and physical evidence Finally, the Fire Marshal has had almost three years in which to proceed with its case, and has yet to take any affirmative action. The statute of limitations does not necessarily fix the period for the qualified privilege Weighing the interests of the State and the parties, I find that the State must disclose certain portions of its file relating to the fire. The Plaintiffs would suffer great hardship in proving their case without such information, and the Fire Marshal has had three years to pursue an investigation.

The Fire Marshal is ordered to disclose all material relating to the factual investigation of the fire, including reports regarding scientific and physical **[*7]** evidence and any conclusions drawn therefrom by State officials. The Fire Marshal is not, however, required to disclose any information relating to interviews with non-parties, but is required to disclose information (including transcripts) related to interviews with parties, including Defendant Ms. Alexander. As I see it, the Defendant should know what is in her own statement In order to mitigate any damage to an ongoing investigation, all information disclosed shall be subject to a protective order to prevent information from disseminating beyond the necessary personnel involved in this case. *See* Superior Court Civil Rule 26(c). The **Attorney General** is requested to draft and submit, on notice, such an order within ten days. Hopefully the Plaintiffs will stipulate as to the form of order. The Plaintiffs' Motion to Compel is GRANTED in part and DENIED in part An order will be entered upon presentment

William T. Quillen

View: Cite | KWIC | Full | Custom PREV 2 of 3 NEXT Print | Download | Fax | Email | Text Only
Save As Alert | More Like This | More Like Selected Text | *Shepardize®* | TOA

**Williams v. Alexander, 1999 Del. Super. LEXIS 410** Pages: 5

Source: Legal > / . . / > **DE State Cases, Combined**
Terms: **"governmental privilege & attorney general" & criminal investigation"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Wednesday, December 28, 2005 - 2:36 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
A - Citing Refs. With Analysis Available
I - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case

*My Lexis™* | Search | Research Tasks | Search Advisor | Get a Document | *Shepard's®* | Alerts
History | Delivery Manager | Switch Client | Preferences | Feedback | Sign Off | Help

About LexisNexis Terms & Conditions
Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.