IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI (SMITH) PRILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1286- JJF |
| | ) | |
| TOWN OF SMYRNA, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**OFFICE OF THE ATTORNEY GENERAL'S**
**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA *DUCES TECUM***

COMES NOW, the Office of the Attorney General, by and through counsel, Deputy Attorney General Eileen Kelly, and moves this Honorable Court to quash the subpoena *duces tecum* in the above captioned action. In further support of this motion, the Office of the Attorney General states as follows:

1. Plaintiff Kari (Smith) Priller ("Plaintiff") seeks production of the Office of the Attorney General's file relating to a rape charge made by her against Defendant Harvey Leggett on or about December 20, 2002.

2. In her response to the Office of the Attorney General's Motion to Quash, Plaintiff acknowledges that there is a governmental privilege for material obtained for use in prosecutions by the Attorney General. [D.I. 45]. She argues that the privilege does not encompass investigative reports. However, the Delaware Superior Court has extended the governmental privilege to investigatory records of the State Division of Professional Regulation. *Atamian v. Bahar*, 2002 WL 264533, at *1 (Del. Super. Feb. 22, 2002) (attached hereto as Exhibit A).

3. Thus, the records sought are protected by the governmental privilege.

4. In certain circumstances, a court may order production of information protected by the governmental privilege. "Before making such an order, however, the non-privileged party has the duty to establish it is deprived of material evidence due to the assertion of the privilege." *Beckett v. Trice*, 1994 WL 319171, at *3 (Del. Super. June 6, 1994) (attached hereto as Exhibit B).

5. In this case, Plaintiff offers only the vague, conclusory assertion that the allegation that she was raped by Defendant Harvey Leggett is central to her claims. This assertion is not supported by the Complaint. [D.I 1].

6. In this civil action, Plaintiff claims that, after she complained to her employer about the alleged assault, she was subjected to discrimination and retaliation, discharged from her employment, and denied due process. She does not assert a claim against Defendant Harvey Leggett for the alleged assault.

7. This case may be contrasted with the decision cited by Plaintiff, *Williams v. Alexander*, 1999 WL 743082 (Del. Super. June 29, 1999) (attached hereto as Exhibit C). In *Williams,* one plaintiff was injured and another plaintiff's decedent was killed in a fire at defendant's home. Plaintiffs sought production of materials relating to the Fire Marshall's investigation of the fire. Plaintiffs alleged that the fire was caused, in part, by defendant's negligence in leaving flammable material on the front porch of the house. *Id.* at *1. Thus, plaintiffs' cause of action related directly to the subject matter of the Fire Marshall's investigation. The court ordered production of certain portions of the Fire Marshall's file.

8. In this action, Plaintiff's allegations against the Defendants are unrelated to any investigation by the Office of the Attorney General into Plaintiff's complaint that

she was raped. Thus, Plaintiff has not made a showing that the information she seeks is evidence that is material to her case. In the absence of such a showing, there is no basis for requiring disclosure of materials protected by the governmental privilege. *See Beckett,* 1994 WL 319171, at *4.

WHEREFORE, for the above mentioned reasons, the Office of the Attorney General respectfully requests that this Honorable Court issue an Order quashing the subpoena.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                /s/ Eileen Kelly
                Eileen Kelly (#2884)
                Deputy Attorney General
                Department of Justice
                820 North French Street, 6th Floor
                Wilmington, Delaware 19801
DATE: January 5, 2006        (302) 577-8400

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2006, I electronically filed *Office of the Attorney General's Reply in Support of Motion to Quash Subpoena Duces Tecum* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: William D. Fletcher, Jr., Esquire and Bruce C. Herron, Esquire.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us