IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KARI M.(SMITH)PRILLER,      )
                                )
          Plaintiff,    )
                                )
          v.           )   C.A. No. 04-1286-JJF
                                )
TOWN OF SMYRNA, DAVID S.    )
HUGG, III, individually and  )
in his official capacity as  )
Town Manager;            )
BEVERLY A. HIRT, individually )
and in her official capacity )
as Director of the Smyrna    )
Public Library; and       )
HARVEY LEGGETT, individually  )
and in his official capacity  )
as Supervisor of Streets/    )
Foreman of Public Works,    )
                                )
          Defendants.   )

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, Delaware  19899
(302) 427-6987
Attorney for Defendants

Dated: January 31, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . 4

NATURE AND STAGE OF THE PROCEEDING . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . 7

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . 8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 15

    I.   SUMMARY JUDGMENT STANDARD OF REVIEW. . . . . . . 15

    II.  PLAINTIFF'S CLAIM AGAINST DEFENDANT HARVEY LEGGETT
        MUST BE DISMISSED BECAUSE EMPLOYEES MAY NOT BE
        SUED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF
        1964 AND HE WAS NOT A STATE ACTOR AS REQUIRED
        UNDER 42 U.S.C. § 1983. . . . . . . . . . . . . . 16

    III. PLAINTIFF'S "HOSTILE ENVIRONMENT" CLAIM FOR SEXUAL
        HARASSMENT MUST BE DISMISSED BECAUSE DEFENDANT TOWN OF
        SMYRNA EXERCISED REASONABLE CARE TO PREVENT AND CORRECT
        ANY SEXUALLY HARASSING BEHAVIOR AND PLAINTIFF
        UNREASONABLY FAILED TO TAKE ADVANTAGE OF THE TOWN'S
        PROCEDURE FOR FILING A SEXUAL HARASSMENT COMPLAINT...17

    IV.  PLAINTIFF'S CLAIM THAT SHE WAS TERMINATED BECAUSE OF
        UNLAWFUL DISCRIMINATION SHOULD BE DISMISSED BECAUSE SHE
        CANNOT SHOW THAT OTHER EMPLOYEES NOT IN THE PROTECTED
        CLASS WERE TREATED MORE FAVORABLY. . . . . . . . 18

    V.   PLAINTIFF'S CLAIM OF UNLAWFUL DISCRIMINATION MUST BE
        DISMISSED BECAUSE THERE IS NO EVIDENCE FROM WHICH A
        FACT FINDER COULD REASONABLY DISBELIEVE THE TOWN'S
        LEGITIMATE NON-DISCRIMINATORY REASONS FOR HER DISCHARGE
        OR BELIEVE THAT AN INVIDIOUS DISCRIMINATORY REASON WAS
        MORE LIKELY THAN NOT A MOTIVATING OR DETERMINATIVE
        CAUSE OF THE EMPLOYER'S ACTION. . . . . . . . . . 20

    VI.  THERE IS NO EVIDENCE OF RACIAL DISCRIMINATION
        ACTIONABLE UNDER 42 U.S.C. § 1981. . . . . . . . 22

VII. PLAINTIFF'S RIGHTS TO DUE PROCESS WERE NOT
     VIOLATED BECAUSE SHE DID NOT HAVE A PROPERTY
     RIGHT IN CONTINUED EMPLOYMENT. . . . . . . . . . . 23

VIII. DEFENDANTS HAVE NOT BREACHED THE COVENANT OF GOOD
      FAITH AND FAIR DEALING IMPLIED UNDER DELAWARE LAW. . 24

CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

**CASES**

Anderson v. Liberty Lobby, Inc.
 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . 15

Board of Regents v. Roth
 408 U.S. 564 (1972) . . . . . . . . . . . . . . . . . . . 23

Celotex Corp v. Catrett
 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . 15

Cleveland Board of Ed v. Loudermill
 470 U.S. 532 (1985) . . . . . . . . . . . . . . . . . . . 23

Faragher v. City of Boca Raton
 524 U.S. 775 (1998) . . . . . . . . . . . . . . . . . . . 17

Fuentes v. Perskie
 32 F.3d 759 (3d Cir. 1994) . . . . . . . . . . . . . 20, 21

Iadimarco v. Runyon
 190 F. 3d 151 (3d Cir. 1999) . . . . . . . . . . . . . . 22

Josey v. John R. Hollingsworth, Corp.
 996 F.2d 632 (3d Cir. 1993) . . . . . . . . . . . . . . 18

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
 475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . 15

McDonnell v. Douglas Corp. v. Green
 411 U.S. 792 (1973) . . . . . . . . . . . . . . . . . . . 20

Merrill v. Crothall-American, Inc.
 606 A. 2d 96 (Del. Supr. 1992). .. . . . . . . . . . . . 24

Molnar v. Booth
 229 F. 3d 593 (7th Cir. 2000) . . . . . . . . . . . . . 16

Mosca v Cole
 384 F. Supp. 757 (D.N.J. 2005) . . . . . . . . . . . . . 20

Murphy v. Chicago Transit Authority
 638 F. Supp. 464 (N.D. Ill. 1986) . . . . . . . . . . . . 16

<u>Pa. Coal Ass'n v. Babbitt</u>
 63 F. 3d 231 (3d Cir. 1995) . . . . . . . . . . . . . . . . 15

<u>Reeves v. Sanderson Plumbing Prod., Inc.</u>
 530 U.S. 133 (2000) . . . . . . . . . . . . . . . . . . . 18

<u>Robinson v. City of Pittsburgh</u>
 120 F. 3d 1286 (3d Cir. 1997) . . . . . . . . . . . . . . 16

<u>St. Francis College v. Al-Kahzraji</u>
 479 U.S. 812 (1987) . . . . . . . . . . . . . . . . . . . 22

<u>Texas Dept. Of Community Affairs v. Burdine</u>
 450 U.S. 248 (1981) . . . . . . . . . . . . . . . . . . . 21

<u>Woodward v. Worland</u>
 977 F. 2d 1392 (10th Cir. 1992) . . . . . . . . . . . . . 16

**<u>STATUTES</u>**

<u>Fed. R. Civ. P. 56</u>(c) . . . . . . . . . . . . . . . . . . . 15

Title 42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . 21

Title 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . 16

Title VII of the Civil Rights Act of 1964 . . . . . . . . . . .16

## NATURE AND STAGE OF THE PROCEEDING

On September 21, 2004, plaintiff Kari Priller filed a Complaint (D.I. 1) in this Court naming as defendants the Town of Smyrna, Beverley Ann Hirt, David S. Hugg, III and Harvey Leggett. The Complaint asserts several claims against the defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983 and 42 U.S.C. § 1981, as well as a state law claim for breach of an implied covenant of good faith and fair dealing.  Defendants filed an Answer and Affirmative Defenses on October 13, 2004. (D.I. 8).

Pursuant to the Court's Scheduling order (D.I. 18), discovery is complete.  Defendants have moved for summary judgment as to all claims.  This is Defendants' Opening Brief in Support of their Motion for Summary Judgment.

## SUMMARY OF ARGUMENT

I.    SUMMARY JUDGMENT STANDARD OF REVIEW.

II.   PLAINTIFF'S CLAIM AGAINST DEFENDANT HARVEY LEGGETT
      MUST BE DISMISSED BECAUSE EMPLOYEES MAY NOT BE
      SUED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF
      1964 AND HE WAS NOT A STATE ACTOR AS REQUIRED
      UNDER 42 U.S.C. § 1983.

III.  PLAINTIFF'S "HOSTILE ENVIRONMENT" CLAIM FOR SEXUAL
      HARASSMENT MUST BE DISMISSED BECAUSE DEFENDANT
      TOWN OF SMYRNA EXERCISED REASONABLE CARE TO
      PREVENT AND CORRECT ANY SEXUALLY HARASSING
      BEHAVIOR AND PLAINTIFF UNREASONABLY FAILED TO TAKE
      ADVANTAGE OF THE TOWN'S PROCEDURE FOR FILING A
      SEXUAL HARASSMENT COMPLAINT.

IV.   PLAINTIFF'S CLAIM THAT SHE WAS TERMINATED BECAUSE
      OF UNLAWFUL DISCRIMINATION SHOULD BE DISMISSED
      BECAUSE SHE CANNOT SHOW THAT OTHER EMPLOYEES NOT
      IN THE PROTECTED CLASS WERE TREATED MORE
      FAVORABLY.

V.    PLAINTIFF'S CLAIM OF UNLAWFUL DISCRIMINATION MUST
      BE DISMISSED BECAUSE THERE IS NO EVIDENCE FROM
      WHICH A FACT FINDER COULD REASONABLY DISBELIEVE
      THE TOWN'S LEGITIMATE NON-DISCRIMINATORY REASONS
      FOR HER DISCHARGE OR BELIEVE THAT AN INVIDIOUS
      DISCRIMINATORY REASON WAS MORE LIKELY THAN NOT A
      MOTIVATING OR DETERMINATIVE CAUSE OF THE
      EMPLOYER'S ACTION.

VI.   THERE IS NO EVIDENCE OF RACIAL DISCRIMINATION
      ACTIONABLE UNDER 42 U.S.C. § 1981.

VII.  PLAINTIFF'S RIGHTS TO DUE PROCESS WERE NOT VIOLATED
      BECAUSE SHE DID NOT HAVE A PROPERTY RIGHT IN CONTINUED
      EMPLOYMENT.

VIII. DEFENDANTS HAVE NOT BREACHED THE COVENANT OF GOOD
      FAITH AND FAIR DEALING IMPLIED UNDER DELAWARE LAW.

## STATEMENT OF FACTS

Plaintiff Kari Priller (then known as Kari Smith), a white female, began her employment with the Town of Smyrna as a part-time Library Clerk in March, 2001. (Complaint, A-2). [1] She was hired by the Town Library Director, defendant Beverly A. Hirt. (Deposition testimony of Beverly A. Hirt, A-10). Plaintiff became the Library's full-time Children's Program Coordinator in July, 2002. Her responsibilities included all children's programs conducted in the Library. (Hirt Dep., A-11; Deposition testimony of Kari Priller, A-35).

Full-time Town employees are subject to an initial three to six month probationary period. Pursuant to this policy, Priller became a probationary employee in July, 2002. (Hirt Dep., A-12). An employee's initial probationary period may be extended an additional six months. (Town Personnel Policy, A-77-78). Probationary employees may be dismissed at any time upon recommendation to the Town Manager. (Town Personnel Policy, A-78). A grievance procedure through which an employee may challenge adverse employment actions is available to non-probationary employees. (Town Personnel Policy, A-82).

Between July, 2002 and December, 2002, Hirt had several concerns regarding plaintiff's work. An August 27, 2002 Report

---

[1] References to the Appendix to Defendants' Opening Brief in Support of their Motion for Summary Judgment will be to "A- ".

of Employee Counseling (A-83) notes excessive tardiness and absenteeism.  Hirt reprimanded Priller for deficient performance in a December 16, 2002 memo.  (A-84; Priller Dep., A-36-42).

During the summer of 2001 or 2002 Hirt denied plaintiff's request to work in the Library after-hours.  (Priller Dep., A-44).  Hirt specifically told all Library employees, including plaintiff, they were not allowed to be in the Library after normal working hours.  (Hirt Dep., A-21-23).  Several months before December 20, 2002, Hirt told plaintiff she was not allowed to work in the Library after hours for safety reasons.  (Priller Dep., A-45).

Defendant Harvey Leggett, an African-American male, has been employed with the Town of Smyrna's Public Works Department since 1988.  (Deposition testimony of Harvey Leggett, A-71).  Prior to December 20, 2002 plaintiff and Leggett had limited work-related interaction.  Plaintiff spoke to Leggett on occasion when he came into the Library to retrieve recycling products or make repairs.  (Priller Dep., A-45-46).

During the week proceeding December 20, 2002 plaintiff asked Leggett if he would help her move from her personal residence.  (Priller Dep., A-48).  Leggett called plaintiff at home and they decided to go out on Thursday night, December 19, 2002 for "a beer."  (Priller Dep., A-50).  They met at a restaurant in Smyrna at 9:30 p.m.  (Priller Dep., A-50).  They

drank beer, left the restaurant and then went to a bar.  They drank more beer.  (Priller Dep., A-52).  By the time they left the bar they each had "three, four" beers.  (Priller Dep., A-54).

After they left the bar, Plaintiff "realized that [she] shouldn't drive."  They walked down Main Street.  (Priller Dep., A-53-54).  Plaintiff saw a large plant on the curb.  She decided to take the plant to the Library.  They walked to the Library.  Shortly after midnight, plaintiff used her to key to enter the front door of the Library.  Leggett entered the Library with her.  (Priller Dep., A-55-56).  Plaintiff went into the kitchen to get a soda.  (Priller Dep., A-57).  According to Priller, Leggett then attacked and raped her.  (Priller Dep., A-57-58).  Priller reported the incident to the police later that morning.

During the afternoon of December 20, 2002 Det. Graham of the Smyrna Police Department told Hirt about the incident.  (Hirt Dep., A-13-16).  Over the weekend plaintiff and Hirt had an e-mail exchange which contained a general reference to the incident.  Hirt assured plaintiff she would not tell any of the other Library employees about the alleged incident.  (Hirt Dep., A-17-18).

Priller returned to work on Monday, December 23, 2002. Hirt asked how she was doing.  Priller said she did not want to discuss it.  (Hirt Dep., A-19-20).  During the days after the incident, Hirt tried to comfort Priller by talking about

10

something similar that happened to Hirt as a child.  (Priller
Dep., A-59).  Hirt also placed literature on Priller's desk about
a counseling program available through work.  (Priller Dep.,
A-60).

The police also informed Town Manager David Hugg about the
incident on December 20, 2002.  Hugg immediately suspended
Leggett with pay "until such time as charges are brought, or you
are cleared, after which your status will be reviewed."
(December 20, 2002 letter from Town Manager Hugg to Harvey
Leggett, A-85).  The police and Attorney General's office
interviewed Priller and Leggett.  On January 2, 2003 the Attorney
General's office informed the Town that Leggett would not be
prosecuted.  (Hugg Dep., A-73).  Hugg reinstated Leggett to a
probationary status as of January 6, 2003 with the condition that
he was to have no contact with plaintiff at any time.  (January
2, 2003 letter from Town Manager Hugg to Harvey Leggett, A-86;
Hugg Dep., A-73, 75).

Plaintiff's six month performance evaluation took place as
scheduled in early January, 2003.  Hirt noted continued concerns
with plaintiff's job performance in a January 4, 2003 Employee
Progress Report.  (A-87).  Hirt's comments regarding plaintiff's
difficulty in distinguishing between high and low priorities and
having to be reminded to complete assigned tasks were continuing
problems which had been noted by Hirt and discussed with

11

plaintiff <u>before</u> the December 20, 2002 incident. (Priller Dep., A-64-66). Hirt also noted Priller's violation of the Library Policy prohibiting after-hours access. Hirt decided to extend the length of plaintiff's probation six months "ending July 6, 2003." (A-89).

On March 10, 2003 plaintiff became upset when she saw Leggett doing work on the sidewalk outside the Library. (Priller Dep., A-61-62). Leggett was doing work in that area while plaintiff was in the Library because of a mix-up in the coordination of their work schedules. (Hirt Dep., A-24). Hirt agreed to perform Priller's job of retrieving books from the book drop near the sidewalk. However, plaintiff claims that she became upset and angry when Hirt stated "its not like he is going to attack you." (Priller Dep., A-60-61).

The next day, March 11, 2003, plaintiff requested and was granted a meeting with Town Manager David Hugg. (Priller Dep., A-61-62). She asked him about the process for filing a sexual harassment claim. He gave her copies of the sections of the Town Personnel Policy regarding sexual harassment claims. (A-79). (Priller Dep., A-62). After the meeting, Priller called a lawyer, determined she couldn't afford the consultation fee and decided not to file a sexual harassment complaint. (Priller Dep., A-62-63). Other than the March 10, 2003 incident, Priller never saw Leggett in or around the Library while she was working.

(Priller Dep., A-64).

The events which led to plaintiff's termination began on June 16, 2003. Priller requested vacation leave for three days beginning Monday, June 30, 2003. (Priller Dep., A-67-68). Hirt reminded plaintiff she was scheduled to conduct a Summer Reading Program between 6:00 p.m. and 8:00 p.m. on Tuesday, July 1, 2003. (Priller Dep., A-68). The Children's Program Coordinator is not permitted to take vacation on a Summer Reading Program day. (Hirt Dep., A-26).

Plaintiff agreed she would conduct the program and submitted a Leave Application for 2 3/4 days. (Priller Dep., A-69). The dates on the Leave Application signed by plaintiff and approved by Hirt were June 30, 2003 through July 2, 2003 "except 6:00-8:00 p.m., July 1, 2003." (A-90). Hirt was on vacation between June 23, 2003 and June 27, 2003. During their discussion on June 16, 2003, plaintiff told Hirt she would drop the key to the Library's money box off to Hirt at the Library before 9:00 a.m. on Monday, June 30, 2003. (Hirt Dep., A-25). Plaintiff failed to return the key. Hirt was forced to break into the box. (Hirt Dep., A-25-26).

On Tuesday, July 1, 2003 Library employee Annie Lane told Hirt that plaintiff had gone to Virginia and that she had asked a part-time Library employee, Nancy Conlin, to conduct the Summer Reading Program. (Hirt Dep., A-25-26). On Wednesday, July 2,

2003, plaintiff called Hirt and told her that her car had broken down in Virginia. (Hirt Dep., A-27-29). Plaintiff did not return to work as required on Thursday, July 3, 2003.

Hirt met with Hugg to discuss plaintiff. Hirt told Hugg that plaintiff had lied about covering the Children's Program and had falsified a vacation slip. Hirt also told Hugg that plaintiff's overall work performance was down. (Hirt Dep., A-30-32). There was no discussion regarding the December 20, 2002 incident with Leggett. (Hirt Dep., A-33). Hirt made the decision to recommended Plaintiff's discharge and prepared a written letter of termination (A-91) which was given to plaintiff upon her return to work on Monday, July 7, 2003. The December 20, 2002 incident and its aftermath had nothing to do with Hirt's decision to terminate Priller. (Hirt Dep., A-33).

Following her termination plaintiff attempted to file a grievance. (July 18, 2003 letter to David Hugg from Kari Smith, A-92). Town Manager Hugg informed her that Town grievance procedures did not apply because she had been dismissed at the end of her probationary period. (July 18, 2003 and July 30, 2003 letters from David Hugg to Kari Smith A-93, A-95).

**ARGUMENT**

**I.   SUMMARY JUDGMENT STANDARD OF REVIEW.**

A Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party demonstrates an absence of material fact, the non-moving party must come forward with specific facts showing there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The Court views the underlying facts and reasonable inferences therefrom in the light most favorable to the party opposing the motion. Pa. Coal Ass'n v. Babbitt, 63 F. 3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the non-moving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).

15

**II.  PLAINTIFF'S CLAIM AGAINST DEFENDANT HARVEY LEGGETT MUST BE DISMISSED BECAUSE EMPLOYEES MAY NOT BE SUED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND HE WAS NOT A STATE ACTOR AS REQUIRED UNDER 42 U.S.C. § 1983.**

The only claim asserted by plaintiff against defendant Harvey Leggett is for "sexual harassment...perpetrated against her." (Complaint, A-2). The claim is based on Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. (A-4, A-6). Plaintiff's claim under Title VII should be summarily dismissed because it covers employers, not employees. Robinson v. City of Pittsburgh, 120 F. 3d 1286, 1293-94 (3d Cir. 1997); Molnar v. Booth, 229 F. 3d 593, 599 (7th Cir. 2000).

The alleged act committed by Leggett which forms the basis of plaintiff's claim was not committed "under color of law." Murphy v. Chicago Transit Authority, 638 F. Supp. 464, 466-68 (N.D. Ill. 1986) (Co-workers cannot be liable under § 1983 where their alleged harassment of plaintiff had no relation to the powers and duties entrusted to them by their government employer). Because Leggett's alleged act occurred during the course of a private social interaction with plaintiff which had no connection to his duties as a Town employee, he was not a state actor for purposes of § 1983. See Woodward v. Worland, 977 F. 2d 1392, 1400-01 (10th Cir. 1992). There is no legal basis for plaintiff's claim against Leggett and he is entitled to judgment as a matter of law.

16

III. **PLAINTIFF'S "HOSTILE ENVIRONMENT" CLAIM FOR SEXUAL HARASSMENT MUST BE DISMISSED BECAUSE DEFENDANT TOWN OF SMYRNA EXERCISED REASONABLE CARE TO PREVENT AND CORRECT ANY SEXUALLY HARASSING BEHAVIOR AND PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF THE TOWN'S PROCEDURE FOR FILING A SEXUAL HARASSMENT COMPLAINT.**

An employer is not liable to an employee for a hostile work environment if (a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior and (b) the plaintiff employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer. <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 807-808 (1998). Here, defendant Town Manager Hugg acted promptly by suspending Leggett after learning of plaintiff's allegation regarding the after hours incident. When Hugg learned that Leggett would not be charged with a crime he acted reasonably by reinstating Leggett with the condition that he was to have no contact with plaintiff. Leggett in fact had no further contact with plaintiff.

When plaintiff later became upset about a remark made by defendant Hirt, Hugg gave plaintiff a copy of the Town's sexual harassment procedure and complaint policy. Plaintiff chose not to file a complaint. Her failure to utilize the anti-harassment policy promulgated by the Town bars her hostile environment claim.

17

IV. **PLAINTIFF'S CLAIM THAT SHE WAS TERMINATED BECAUSE OF UNLAWFUL DISCRIMINATION SHOULD BE DISMISSED BECAUSE SHE CANNOT SHOW THAT OTHER EMPLOYEES NOT IN THE PROTECTED CLASS WERE TREATED MORE FAVORABLY.**

When a plaintiff alleges that she was discharged due to unlawful discrimination she establishes a prima facie case by showing (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) other similarly situated employees not in the protective class were treated more favorably. <u>Josey v. John R. Hollingsworth Corp</u>., 996 F.2d 632, 638 (3d Cir. 1993). Here, there is no evidence that other similarly situated employees were treated more favorably then plaintiff.

Plaintiff cannot rely on a comparison with the Town's treatment of Leggett. He was a Public Works employee. She worked in the Town Library. Because their job duties and work environment were completely separate and distinct, the Town had no obligation to engage in a continuing comparison of their work performance and employment-related actions taken by their superiors.

In any event, there were documented problems of dishonesty and deficiency in plaintiff's work performance between December, 2002 and July, 2003. There is no such evidence with respect to Mr. Leggett. <u>See</u> <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 141 (2000) (To demonstrate intent to discriminate by an

18

employer, a plaintiff alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that the protected trait actually motivated the employer's decision).

**V.  PLAINTIFF'S CLAIM OF UNLAWFUL DISCRIMINATION MUST BE DISMISSED BECAUSE THERE IS NO EVIDENCE FROM WHICH A FACT FINDER COULD REASONABLY DISBELIEVE THE TOWN'S LEGITIMATE NON-DISCRIMINATORY REASONS FOR HER DISCHARGE OR BELIEVE THAT AN INVIDIOUS DISCRIMINATORY REASON WAS MORE LIKELY THAN NOT A MOTIVATING OR DETERMINATIVE CAUSE OF THE EMPLOYER'S ACTION.**

Once a plaintiff demonstrates a prima facie case of discrimination, the burden shifts to the employer to produce "some legitimate non-discriminatory reason" for the action taken. McDonnell v. Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).  The employer is not required to persuade the Court that the legitimate, non-discriminatory reason actually motivated its decision.  Mosca v Cole, 384 F. Supp.  757, 763 (D.N.J. 2005). "It is sufficient if the defendant's evidence raises a genuine issue of material fact as to whether it discriminated against the plaintiff."  Texas Dept Of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

Here, the Town, through Ms. Hirt, has clearly produced legitimate, non-discriminatory reasons for Priller's discharge. The Leave Application signed by Priller and approved by Hirt required that Priller return to work to conduct a Summer Reading Program.  Priller did not appear to conduct the program.  She failed to obtain her superior's approval to have another employee cover the program.  Priller also failed to return to work as

required on July 7, 2003.  Hirt documented her dissatisfaction
with other aspects of plaintiff's job performance, including
excessive absenteeism, tardiness, failure to follow through on
assigned tasks and difficulty in distinguishing between high and
low priorities, both before and after the December 20, 2002
incident.

Because the Town has met its burden, plaintiff can survive
summary judgment only by pointing to evidence "from which a fact
finder could reasonably either (1) disbelieve the employer's
articulated legitimate reasons; or (2) believe that an invidious
discriminatory reason was more likely than not a motivating or
determinative cause of the employer's action." Fuentes, 32 F. 3d
at 764.  Plaintiff here can point to no such evidence.  Hirt
terminated plaintiff because of (1) her belief that plaintiff
lied to her and falsified a vacation slip and (2) dissatisfaction
with her job performance.

There is nothing in the record to suggest an improper
discriminatory motive.  Pure speculation is not a basis on which
a reasonable jury can return a verdict for plaintiff.  See Texas
Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
(The ultimate burden of persuading the trier of fact that the
defendant intentionally discriminated against plaintiff remains
at all times with the plaintiff).

**VI.  THERE IS NO EVIDENCE OF RACIAL DISCRIMINATION ACTIONABLE UNDER 42 U.S.C. § 1981.**

The purpose of Title 42 U.S.C. § 1981 is to provide a remedy for discrimination based upon race, color or national origin. St. Francis College v. Al-Kahzraji, 479 U.S. 812 (1987). Plaintiff can point to no evidence that she was discriminated against because she is white.  Plaintiff's claims asserted pursuant to 42 U.S.C. § 1981 (A-5) should therefore be dismissed. See Argument V supra;  Iadimarco v. Runyon, 190 F. 3d 151 (3d Cir. 1999) (In order to establish a prima facie case of reverse discrimination, plaintiff must present sufficient evidence to allow a reasonable fact finder to conclude that the defendant treated plaintiff less favorably than others because of her race).

## VII. PLAINTIFF'S RIGHTS TO DUE PROCESS WERE NOT VIOLATED BECAUSE SHE DID NOT HAVE A PROPERTY RIGHT IN CONTINUED EMPLOYMENT.

A public employee has a property right in her employment protected by due process only if a source independent of the Federal Constitution, such as state law, creates that right. <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972); <u>Cleveland Board of Ed v. Loudermill</u>, 470 U.S. 532 (1985).

Here, there is no independent source which gave plaintiff a property right in continued employment. She was a probationary employee who was terminated at the end of her probationary period. The Town Personnel Policy gives non-probationary employees the right to use the grievance procedure. Because plaintiff was a probationary employee, she had no right to a hearing under the grievance procedure.

VIII.    **DEFENDANTS HAVE NOT BREACHED THE COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED UNDER DELAWARE LAW.**

In <u>Merrill v. Crothall-American, Inc.</u>, 606 A. 2d 96 (Del. Supr. 1992) the Delaware Supreme Court held that every employment contract made in Delaware includes an implied covenant of good faith and fair dealing.  In order to show a breach of this implied covenant, plaintiff must show the conduct of the employer constituted "an aspect of fraud, deceit or misrepresentation." <u>Id</u>. at 101.  The record here contains no evidence of any fraud, deceit or misrepresentation.  Defendants are therefore entitled to judgment as a matter of law as to plaintiff's state law claim.

24

**CONCLUSION**

For the foregoing reasons, defendants Town of Smyrna, Beverly Ann Hirt, David S. Hugg, III and Harvey Leggett respectfully request that judgment be entered on their behalf.

**AKIN & HERRON, P.A.**

/s/ Bruce C. Herron
Bruce C. Herron
Attorney I.D. No.: 2315
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, Delaware  19899
(302) 427-6987
Attorney for Defendants

Dated: January 31, 2006

H:\tmw5\data\files\Docs\3651.021\BRIE\3584.WPD