IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI M.(SMITH)PRILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1286-JJF |
| | ) | |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager; BEVERLY A. HIRT, individually and in her official capacity as Director of the Smyrna Public Library; and HARVEY LEGGETT, individually and in his official capacity as Supervisor of Streets/ Foreman of Public Works, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, Delaware  19899
(302) 427-6987
Attorney for Defendants

Dated: March 16, 2006

**Table of Contents**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    1. THERE IS NO EVIDENCE THAT DEFENDANT LEGGETT ACTED UNDER COLOR OF STATE LAW AS REQUIRED BY 42 U.S.C. § 1983. . . . . . . . . . . . . . . . . 4

    II. THERE IS NO EVIDENCE UPON WHICH A JURY COULD FIND THAT PLAINTIFF SUFFERED INTENTIONAL DISCRIMINATION BASED ON HER SEX OR RACE. . . . . . . . . . . . . . . . . . . . 7

    III. THERE IS NO EVIDENCE THAT OTHER SIMILARLY SITUATED EMPLOYEES NOT IN THE PROTECTED CLASS WERE TREATED MORE FAVORABLY THAN PLAINTIFF. . . . . . . . . . . . . . . . . . . . . 9

    IV. PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF RETALIATION BECAUSE THERE IS NO EVIDENCE OF A CAUSAL LINK BETWEEN HER TERMINATION AND THE EXERCISE OF THE PROTECTED ACTIVITY. . . . . . . . . . . . . . . . . 10

    V. BECAUSE PLAINTIFF NEVER FILED A SEXUAL HARASSMENT COMPLAINT HER DUE PROCESS RIGHTS WERE NOT VIOLATED BY THE TOWN'S ALLEGED FAILURE TO INVESTIGATE. . . . . . . . . . . . 12

    VI. THE TOWN DID NOT VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS BY REFUSING TO PERMIT HER TO FILE A GRIEVANCE BECAUSE THE GRIEVANCE PROCEDURE WAS NOT AVAILABLE TO PROBATIONARY EMPLOYEES. . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Table of Citations**

**CASES**

Abraham v. Raso . . . . . . . . . . . . . . . . . . . . . . . 4, 5
  183 F. 3d (3rd Cir. 1999)

Fuentes v. Perskie . . . . . . . . . . . . . . . . . . . . . 11
  32 F. 3d (3rd Cir. 1994)

**STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . 4, 6

## ARGUMENT

1. **THERE IS NO EVIDENCE THAT DEFENDANT LEGGETT ACTED UNDER COLOR OF STATE LAW AS REQUIRED BY 42 U.S.C. § 1983.**

Plaintiff attempts to connect Leggett's employment duties to the December 20, 2002 incident by stating that "Leggett's and Plaintiff's only interactions until the night of the rape were through their work in the library." (Plaintiff's Answering Brief, hereinafter referred to as "PAB", 20). Prior discussions between Leggett and plaintiff in the library during working hours are not evidence that Leggett acted under color of law while engaged in a personal after-hours relationship. Plaintiff concedes that Leggett's "regular duties did not involve being inside the library building." (PAB 29). The alleged rape occurred at the end of an alcohol-fueled, purely social encounter which had absolutely nothing to do with Leggett's Town employment.

Plaintiff cites Abraham v. Raso, 183 F. 3d 279 (3rd Cir. 1999) for the proposition that Leggett's "off-duty" status does not necessarily preclude him from acting under color of state law. In Raso an off-duty police officer patrolling a mall shot the plaintiff, a shoplifting suspect. The plaintiff filed a § 1983 excessive force action against Raso and her employer, the Town of Cherry Hill. The Court found that Raso was "clothed with the authority of state law" because she wore her police uniform

and attempted to arrest the plaintiff, actions which were clearly part of her duties and authority as a police officer. Id at 287. By contrast, Leggett's actions on the night of December 20, 2002 were entirely personal. He committed no act which bore any relationship to his duties, status or authority as a Town Public Works employee.

Perhaps recognizing the weakness of her attempt to characterize Leggett's alleged acts of December 20, 2002 as "under color of state law", plaintiff refers to a "behind closed doors" meeting at the library between Hirt and Leggett within a month after the incident. (PAB 21). Plaintiff's assertion that a "reasonable inference about this meeting is that Hirt and Leggett were discussing the incident and what action to take against plaintiff" (PAB 21) is ridiculous. Betty Porter, the Town Employee who recalls the meeting, has no idea whether Leggett and Hirt discussed plaintiff or the incident because "neither Ms. Hirt nor Mr. Leggett said anything to me afterwards." (B125). The record is totally devoid of any evidence regarding the subject matter of the discussion between Leggett and Hirt. The Court may not engage in pure speculation and should reject plaintiff's attempt to invent conversations out of the whole cloth.

Similarly, without any support in the record plaintiff asserts that "Leggett agreed to work outside the library when he

5

knew plaintiff would be there in March, 2003." (PAB 22). In fact, there is no evidence that Leggett knew plaintiff would be in the library that day while he worked <u>outside</u>. Leggett was there only because of a "mix up" in work schedules. (Hirt Dep., A-24). Far from being a "willing participant in this violation of Hugg's no-contact order" (PAB 22), Leggett never spoke to or had any contact whatsoever with plaintiff after December 20, 2002.

Plaintiff's only claim against Leggett is based on 42 U.S.C. § 1983. Because his alleged conduct for which there is an evidentiary basis is not related to his employment, he is entitled to judgment as a matter of law.

>    II.  **THERE IS NO EVIDENCE UPON WHICH A JURY COULD FIND THAT PLAINTIFF SUFFERED INTENTIONAL DISCRIMINATION BASED ON HER SEX OR RACE.**

There was no "failure to investigate" plaintiff's allegation of rape. (PAB 23). The Town of Smyrna Police Department and the Attorney General's office conducted a thorough investigation. There was no need for the Town Manager to conduct another investigation. The absence of a second duplicative investigation is not evidence of discrimination.

No "hostile environment" (PAB 23) was created by Leggett's presence outside the library on one occasion due to a mix up in schedules. When plaintiff indicated that she would not go outside to the book drop near Leggett, Hirt agreed to perform this task. This hardly constitutes "hostile" treatment.

The Town did not, as plaintiff claims, "place plaintiff and Leggett on the same level of probation for inappropriately entering the Town Library after-hours" (PAB 24), nor did Hirt extend plaintiff's probationary period for six additional months "based solely on plaintiff's entrance to the library after-hours." (PAB 25). Plaintiff's probation was extended not only because of her violation of the Town's Safety Policy but also because of continued concerns, present before December 20, 2002, regarding plaintiff's difficulty in distinguishing between high and low priorities and having to be reminded to complete assigned tasks. (A-64-67; A-87; A-89).

During their March, 2003 meeting Hugg did not, as plaintiff claims, attempt to discourage her from filing a sexual harassment claim. (PAB 26). In fact, he provided her with relevant sections of the Personnel Handbook which, according to plaintiff, had "everything spelled out." (Priller Dep., B-25).

### III. THERE IS NO EVIDENCE THAT OTHER SIMILARLY SITUATED EMPLOYEES NOT IN THE PROTECTED CLASS WERE TREATED MORE FAVORABLY THAN PLAINTIFF.

In arguing that Leggett was treated more favorably, plaintiff again fails to recognize that her probation was extended not only for her violation of the Town Safety Policy but also for previous documented work deficiencies. Plaintiff and Leggett were not in "identical" situations. (PAB 29). There is no evidence in the record of any problems of deficiency in work performance with respect to Leggett.

Discrimination against plaintiff cannot be inferred from the Town's alleged failure to discipline Leggett as a result of a DUI conviction in early 2003. (PAB 31). Leggett was still able to perform his job duties during this period. (B55). In any event, plaintiff fails to address the Town's contention (Defendant's Opening Brief 18) that it had no obligation to engage in a continuing comparison of Public Works and Library employees and employment-related actions taken by their superiors.

**IV. PLAINTIFF HAS FAILED TO ESTABLISH A PRIMA FACIE CASE OF RETALIATION BECAUSE THERE IS NO EVIDENCE OF A CAUSAL LINK BETWEEN HER TERMINATION AND THE EXERCISE OF THE PROTECTED ACTIVITY.**

The gist of plaintiff's retaliation argument is that Hirt became upset that plaintiff "went over her head" and complained to Town Manager Hugg about sexual harassment. (PAB 33-34). According to plaintiff, Hirt recommended plaintiff's termination in retaliation for plaintiff's discussion of this topic with Hugg. The problem with plaintiff's theory is the lack of any evidence that Hirt knew plaintiff complained to Hugg about Leggett and/or sexual harassment. In fact, Hirt assumed that Priller complained to Hugg about Hirt's practice of keeping notes regarding employees in her office. (Hirt Dep., Appendix to Defendant's Reply Brief, AA-1-2).

Plaintiff also points to Hirt's alleged "falsification of evidence" as evidence of retaliation. (PAB 34). Plaintiff claims that Hirt lied by asserting that plaintiff had never informed her that fellow library employee Nancy Conlin would cover the July 1, 2003 Summer Reading Program. (PAB 24). Plaintiff fails to note Hirt's testimony that she did not know that plaintiff would not be doing the program until this information was conveyed to her by Anne Lane on Tuesday, July 1, 2003. (Hirt Dep., A-26). Hirt's testimony directly contradicts plaintiff's claim that she told Hirt in June that Conlin would

10

fill in.  (B 41-44).

   This dispute of fact does not, however, preclude a finding that plaintiff is unable to produce evidence from which a fact-finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  <u>Fuentes v. Perskie</u>, 32 F. 3d 759, 764 (3rd Cir. 1994).  It is undisputed that plaintiff told Hirt she would drop the key to the library's money box off to Hirt at the library before 9:00 a.m. on June 30, 2003. (Hirt Dep., A-25.)  Plaintiff failed to return the key and Hirt was forced to break into the box.  The undisputed evidence thus establishes that Hirt was justified in believing that Priller lied to her about the key.

> **V. BECAUSE PLAINTIFF NEVER FILED A SEXUAL HARASSMENT COMPLAINT HER DUE PROCESS RIGHTS WERE NOT VIOLATED BY THE TOWN'S ALLEGED FAILURE TO INVESTIGATE.**

Plaintiff cites case law and Town policy which require an investigation of all complaints of sexual harassment. (PAB 37). These requirements do not apply because plaintiff never filed a sexual harassment complaint. She reported an alleged rape to the police, who conducted a thorough investigation. The alleged attack occurred during a purely social encounter unrelated to either party's employment duties.

When plaintiff later <u>considered</u> filing a sexual harassment claim based on Leggett's one-time presence outside the library, Town Manager Hugg gave her the necessary procedural information, which, according to plaintiff, "had everything spelled out." (Priller Dep., B-25). After weighting her options, plaintiff affirmatively decided <u>against</u> filing a sexual harassment complaint. (Priller Dep., A-62-63).

The Town did not, as plaintiff claims, "recognize that a rape occurred." (PAB 39). The Town was aware of plaintiff's allegation of rape and properly awaited the outcome of the professional police investigation. Once this investigation determined there was no probable cause for an arrest of Leggett the Town acted properly by ordering Leggett to have no contact with plaintiff.

**VI. THE TOWN DID NOT VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS BY REFUSING TO PERMIT HER TO FILE A GRIEVANCE BECAUSE THE GRIEVANCE PROCEDURE WAS NOT AVAILABLE TO PROBATIONARY EMPLOYEES.**

The Town Personnel Policy and Employee Handbook in effect at the time of plaintiff's termination provided that employees who had "completed the probationary period" could use a grievance procedure to challenge an adverse employment action. (A-82; Affidavit of Town Manager David Hugg, AA-3). Because plaintiff was a probationary employee she had no right to a hearing under the grievance procedure.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Opening Brief in Support of Their Motion for Summary Judgment, defendants Town of Smyrna, Beverly Ann Hirt, David S. Hugg, III and Harvey Leggett respectfully request that judgment be entered on their behalf.

                                      **AKIN & HERRON, P.A.**

                                      /s/ Bruce C. Herron
                                      Bruce C. Herron
                                      Attorney I.D. No.: 2315
                                      1220 N. Market Street, Suite 300
                                      P.O. Box 25047
                                      Wilmington, Delaware  19899
                                      (302) 427-6987
                                      Attorney for Defendants

Dated: March 16, 2006

H:\tmw5\data\files\Docs\3651.021\BRIE\3894.WPD