IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KARI M.(SMITH)PRILLER,           )
                                 )
              Plaintiff,         )
                                 )
        v.                       )    C.A. No. 04-1286-JJF
                                 )
TOWN OF SMYRNA, DAVID S.         )
HUGG, III, individually and      )
in his official capacity as      )
Town Manager;                    )
BEVERLY A. HIRT, individually    )
and in her official capacity     )
as Director of the Smyrna        )
Public Library; and              )
HARVEY LEGGETT, individually     )
and in his official capacity     )
as Supervisor of Streets         )
Foreman of Public Works,         )
                                 )
              Defendants.        )

**APPENDIX TO DEFENDANTS' REPLY BRIEF IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1220 N. Market Street, Suite 300
P.O. Box 25047
Wilmington, Delaware  19899
(302) 427-6987
Attorney for Defendants

Dated: March 16, 2006

## TABLE OF CONTENTS

| | Page |
|---|---|
| Excerpts from Deposition Transcript of Beverly Ann Hirt | AA-1 |
| Affidavit of David S. Hugg, III | AA-3 |

H:\tmw5\data\files\Docs\3651.021\APPX\3903.wpd

1      A.    Well, yeah.  She should have come to me

2   first.  I mean we could have talked about whatever it

3   was that was bothering her.

4      Q.    Did you ever find out why she did go to

5   Mr. Hugg?

6      A.    She never told me why.

7      Q.    Did Mr. Hugg tell you why?

8      A.    He told me -- he asked me what my personnel

9   files -- something about personnel files in my office,

10  if I keep personnel files.  And I said:  Yeah, I keep

11  them on all the employees, because I keep notes for

12  evaluation purposes.  And I asked him if that was okay

13  or something like that.  And he said:  Yes, that's fine.

14  But that's about it.  I never really did find out what

15  it was.  He didn't really go into anything.

16      Q.    He didn't ask to see your personnel files?

17      A.    No.

18      Q.    He didn't tell you it was inappropriate to

19  keep personnel files?

20      A.    No.

21      Q.    He just asked you if you kept personnel

22  files?

23      A.    Yes.

24      Q.    So how did you know that that is what

AA-1

1    Ms. Smith had been discussing with him?

2        A.    I just answered his questions. That's all I

3    did. He just asked me.

4        Q.    Did you ever find out what she had been

5    meeting with him about?

6        A.    No. Nobody told me. I assumed it was over

7    the personnel files. She caught me writing notes.

8        Q.    She caught you?

9        A.    Yes. Well, she comes in my office, and

10    sometimes she wouldn't even knock. She would just walk

11    right in. If I have things out on my desk, you know,

12    she can see.

13          So I assumed when he asked me if I keep

14    personnel files, I thought maybe she had thought I was

15    writing a lot of stuff about her or something.

16        Q.    Did she come in while you were writing

17    Hirt 7, the March 11th note?

18        A.    I have no idea. I have no idea.

19        Q.    You say she came in and caught you writing a

20    note.

21        A.    She has come right in my office so many

22    times, just barging in, I have no idea when it would

23    have been. I have no idea.

24        Q.    Okay. Miss Hirt, you felt that it was

AA-2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KARI M. (SMITH) PRILLER,                )
                                        )
                Plaintiff,              )
                                        )
        v.                              )    C.A. No. 04-1286-JJF
                                        )
TOWN OF SMYRNA, DAVID S.                )
HUGG, III, individually and            )
in his official capacity as            )
Town Manager;                          )
BEVERLY A. HIRT, individually          )
and in her official capacity           )
as Director of the Smyrna              )
Public Library; and                    )
HARVEY LEGGETT, individually           )
and in his official capacity           )
as Supervisor of Streets/              )
Foreman of Public Works,               )
                                        )
                Defendants.             )

### AFFIDAVIT OF DAVID S. HUGG, III

BE IT REMEMBERED that on this 15th day of March, 2006, David

S. Hugg, III, appeared before me, a Notary Public, and did

depose and say the following:

1. I am currently employed as the Town Manager of the Town

of Smyrna. I was employed in the same capacity in July, 2003.

2. I am a defendant in the above action.

3. At the time of plaintiff's termination in July, 2003 the

Town Personnel Policy and Employee Handbook provided that "an

employee who has completed the probationary period" could use a

grievance procedure to challenge an adverse employment action.

1

AA-3

In July, 2003 there was no provision in the Town Personnel Policy or Employee Handbook which granted probationary employees the right to use the grievance procedure.

David S. Hugg, III

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public, on the day and year aforesaid.

Notary Public

YVETTE C. SULLIVAN
Notary Public - State of Delaware
My Comm. Expires May 3, 2009

If:\lmw5\data\files\Docs\3651.021\AFF\3901.wpd

2

AA-4