IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARI M. (SMITH) PRILLER, | * |
| Plaintiff, | * |
| v. | * |
| | *   C.A. No. 04-1286 (JJF) |
| TOWN OF SMYRNA; DAVID S. HUGG, III, individually and in his official capacity as Town Manager; BEVERLY A. HIRT, individually and in her official capacity as Director of the Smyrna Public Library; and HARVEY LEGGETT, individually and in his official capacity as Supervisor of Streets/Foreman of Public Works, | *   TRIAL BY JURY DEMANDED |
| Defendants. | * |

**PRETRIAL ORDER**

NOW COME the parties, by and through undersigned counsel, pursuant to Fed.R.Civ.P. 16 and D.Del. L.R. 16.4(d), who hereby submit the proposed pretrial order as follows:

1. **Nature of the action:**

   This action is brought by Plaintiff Kari M. (Smith) Priller pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, and 42 U.S.C. § 1981. She alleges that Defendants interfered with rights granted her by these statutes. Plaintiff further alleges that Defendants violated her due process rights by refusing to permit her to file a grievance against Defendant Town of Smyrna. Plaintiff also alleges a state law claim that Defendant has breached the implied covenant of good faith and fair dealing by, inter alia, making false accusations against Plaintiff that resulted in Plaintiff's discharge.

   Defendants deny Plaintiff's allegations and maintain that Plaintiff was terminated from her position with the Town of Smyrna for legitimate reasons which had nothing to do with her race or gender.

   Plaintiff has requested trial by jury of her claims. The issues in this case are raised in Plaintiff's Complaint and Defendants' Answers thereto. There are no counterclaims, cross-claims or third party claims involved.

2. **Basis of federal jurisdiction:**

   This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331. Jurisdiction over Plaintiff's state law claims is conferred on this Court by 28 U.S.C. § 1367.

3. **Facts that are admitted and require no proof:**

   a. Defendant Town of Smyrna is an "employer" as defined by 42 U.S.C. § 2000e (hereinafter referred to as "Title VII").

   b. At all times relevant to the Complaint, Plaintiff was an "employee" of Defendant Town of Smyrna as that term is defined by Title VII.

   c. At all times relevant to this litigation, Defendants David Hugg and Beverly Hirt were employees acting within the scope of their employment and were the agents of Defendant Town of Smyrna.

   d. Defendant Town of Smyrna is a municipal entity and a political subdivision of the State of Delaware.

   e. The acts alleged in the Complaint took place within the State of Delaware.

   f. All jurisdictional prerequisites have been satisfied, including timely filing of a Complaint with the Equal Employment Opportunity Commission, receipt by Plaintiff of a Notice of Right to Sue, and timely filing of suit in this Court.

   g. Plaintiff was employed by Defendant Town of Smyrna as a Children's Program Coordinator in the Town of Smyrna library in Smyrna, Delaware.

   h. At all times relevant to this litigation Defendant Harvey Leggett was employed by Defendant Town of Smyrna in the Public Works Department.

   i. During the period of her employment, Plaintiff was supervised by Director of the Smyrna Public Library Beverly Hirt and by Town Manager David Hugg. At all times relevant to the Complaint, Hirt and Hugg were acting as the agents, servants, and/or employees of Defendant Town of Smyrna.

   j. Plaintiff's employment with the Town of Smyrna was terminated on July 7, 2003.

   k. Defendant Harvey Leggett continues to be employed by Defendant Town of Smyrna.

   l. The Delaware Attorney General's office decided not to prosecute Harvey Leggett for any actions which occurred at the Smyrna Town Library on December 20, 2002.

4. **Issues of fact that the parties contend remain to be litigated:**

   Plaintiff's issues of fact:

   a. Whether Plaintiff was retaliated against by Beverly Hirt, David Hugg, and/or Harvey Leggett, as agents of Defendant Town of Smyrna, in response to her complaints of sexual harassment.

   b. Whether Defendant Town of Smyrna, through its agents, including Leggett, Hugg and Hirt, discriminated against Plaintiff regarding her employment relationship with the Town because she was a female.

   c. Whether Defendant Town of Smyrna, through its agent, Hirt, breached the implied covenant of good faith and fair dealing by retaliating against Plaintiff for her

        complaints of sexual harassment.

   d.    Whether Leggett, at the time he raped Plaintiff, was acting within the scope of his employment with Defendant Town of Smyrna.

   e.    Whether Defendant Town of Smyrna appropriately investigated and responded to Plaintiff's complaints that she was raped by her co-worker, Harvey Leggett.

   f.    Whether Defendant Town of Smyrna created a hostile environment based on their refusal to investigate Plaintiff's repeated complaints that she was raped by her co-worker Leggett and of other sexual harassment.

   g.    Whether Defendants unlawfully discriminated against Plaintiff when Plaintiff and her co-worker, Defendant Harvey Leggett, were disciplined unequally by the Defendants during the course of their employment for their alleged misconduct in entering the Town of Smyrna library after hours.

   h.    Whether Defendant Leggett was acting under color of state law in discriminating against Plaintiff.

   i.    Whether Defendant Town of Smyrna, through its agents Leggett, Hirt, and Hugg, committed sex and reverse race discrimination by treating Plaintiff less favorably than her co-worker, Defendant Leggett, for the same infraction of Town rules or while each was placed on probationary work status.

   j.    Whether Defendant Hirt made false accusations to Defendant Hugg about Plaintiff's work performance, leading to Plaintiff's termination in July of 2003.

Defendant's issues of fact:

        None. Defendants reserve the right to amend this portion of the Pre-Trial Order following the Court's resolution of the pending Motions for Summary Judgment.

4.   **Issues of law that the parties contend remain to be litigated:**

Plaintiff's issues of law:

None.

Defendant's issues of law:

   a.    Whether Plaintiff's claim against defendant Harvey Leggett should be dismissed because employees may not be sued under Title VII of the Civil Rights Act of 1964 and because he did not act under color of state law as required by 42 U.S.C. § 1983.

   b.    Whether Plaintiff's sexual harassment claim should be dismissed because Defendants exercised reasonable care to prevent and correct any sexual harassing behavior and because Plaintiff unreasonably failed to take advantage of the Town's procedure for filing a sexual harassment complaint.

   c.    Whether Plaintiff's claim that she was terminated because of unlawful

      discrimination should be dismissed because she cannot show that other employees not in the protected class were treated more favorably.

    d.    Whether Plaintiff's claim of unlawful discrimination should be dismissed because there is no evidence from which a fact finder could reasonably disbelieve the Town's legitimate non-discriminatory reasons for her discharge or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the Town's action.

    e.    Whether Plaintiff's claim under 42 U.S.C. § 1981 should be dismissed because there is no evidence of racial discrimination.

    f.    Whether Plaintiff's due process claim should be dismissed because she did not have a property interest in continued employment and never filed a sexual harassment complaint.

    g.    Whether Plaintiff's due process claim should be dismissed because the Town's grievance procedure was not available to probationary employees.

    h.    Whether the record contains any evidence of fraud, deceit or misrepresentation sufficient to enable a jury to consider whether Defendants breached the covenant of good faith and fair dealing implied under Delaware law.

5. **Exhibits each party expects to offer at trial in support of its case in chief, specifying those admitted without objection and those objected to and the grounds for the objection:**

Plaintiff's Exhibits:

1. Letter from Beverly Hirt to Sabrina Corning dated November 5, 2002.

2. Request for Change of Job Title and Job Description, dated December 6, 2002.

3. Medical Records, Bayhealth Medical Center/Kent General Hospital of Plaintiff for treatment after alleged rape by Defendant Leggett.

4. Letter from David Hugg to Harvey Leggett dated December 20, 2002.

5. Letter from David Hugg to Harvey Leggett dated January 2, 2003.

6. Discipline Action Write-Up from January 6, 2003.

7. Undated Discipline Action Write-Up written by Beverly Hirt.

8. Employee Progress Report, dated January 4, 2003.

9. Employee Progress Report, dated April 6, 2003.

10. Newspaper article written by Kari Smith thanking town for participation in Children's Reading Program.

11. Memo from Joe Heeger to David Hugg re: Reprimand of Harvey Leggett

12. Town of Smyrna Personnel Policy.

13. Kari (Smith) Priller Employee Progress Report dated May 12, 2003.

14. Town of Smyrna Employee Handbook.

15. Application for Leave dated June 16, 2003.

16. Plaintiff's Termination Letter dated July 7, 2003.

17. Letter from Kari Smith to David Hugg dated July 18, 2003.

18. Letter from David Hugg to Kari Smith dated July 18, 2003.

19. Letter from Kari Smith to David Hugg dated July 30, 2003.

20. Letter from David Hugg to Kari Smith dated July 30, 2003.

21. Hand-written notes by Beverly Hirt.

22. Letter from Richard H. Baldwin to Delaware Violent Crimes Compensation Board, dated March 19, 2003

23. Time line of Disciplinary Actions meted out to Plaintiff and Defendant Leggett.

24. Tax return summary, Kari Smith, 2003.

25. Tax return summary, Kari (Smith) Priller, 2004.

26. Tax return summary, Kari (Smith) Priller, 2005.

27. Summary of Lost Wages.

28. Harvey Leggett's Personnel File--documenting DUI conviction while on probationary status and discipline taken when charged with vehicle-related drug charges.

29. Department of Justice file relating to the rape charge made by Plaintiff, Kari M. Smith against Harvey Leggett on or about 12/20/2002.

30. Court records documenting Harvey Leggett's DUI conviction and drug charges.

<u>Defendant's objections to Plaintiff's exhibits:</u>

3. Objection. Relevance; hearsay; probative value substantially outweighed by unfair prejudice and confusion of the issues under F.R.E. 403.

10. Objection. Relevance.

22. Objection. Relevance; probative value substantially outweighed by unfair prejudice and confusion of the issues under F.R.E. 403.

23. Objection. Authenticity, lack of foundation.

27. Objection. Hearsay, authenticity, lack of foundation.

28. Objection. Relevance; probative value substantially outweighed by unfair prejudice and confusion of the issues under F.R.E. 403.

29. Objection. Relevance.

30. Objection. Relevance; hearsay; probative value substantially outweighed by unfair prejudice and confusion of the issues under F.R.E. 403.

Defendant's Exhibits:

1. Report of employee counseling, 8/27/02.

2. Memo of Beverly Hirt, 12/16/02.

3. Letter from David Hugg to Harvey Leggett, 12/20/02.

4. Letter from David Hugg to Harvey Leggett, 1/6/03.

5. Employee Progress Report, 1/4/03.

6. Employee Progress Report, 4/6/03.

7. Employee Progress Report, 5/12/03.

8. Town of Smyrna Personnel Policies regarding grievance procedure and probationary status.

9. Application for Leave, 6/16/03.

10. Letter from Beverly Hirt to Kari Priller, 7/7/03.

11. Handwritten notes of Beverly Hirt.

12. Town of Smyrna Sexual Harassment Policy.

Plaintiff's objections to Defendant's Exhibits:

1. Objection. Relevance.

2. Objection. Relevance.

7. **Names and addresses of witnesses to be called at trial and specialties of experts to be called as witnesses:**

Plaintiff's Witnesses:

a. Plaintiff

b. Beverly Hirt (as on cross)

c. David Hugg (as on cross)

d. Harvey Leggett (as on cross)

e. Joseph Heeger (as on cross)

f. Betty Porter

g. Nancy Conlin

h. Richard H. Baldwin

i. Town of Smyrna Police Office Sgt. Graham

j. Dr. Charles Link--Economic Expert

Defendant's Witnesses:

a. Beverly Hirt

b. David Hugg

c. Harvey Leggett

d. Nancy Conlin

e. Annie Lane

f. Betty Porter

g. Serm Rhea

h. Town of Smyrna Police Officer Sgt. Graham

i. Plaintiff Kari Priller

j. Richard H. Baldwin

8. **Brief statement of what Plaintiff expects to prove in support of her claim, including details of damages sought as of this date:**

Defendants subjected Plaintiff to harassment and wrongfully discharged Plaintiff in retaliation for Plaintiff's complaints of sexual harassment.

The wrongful acts committed by Defendants, as stated hereinabove, were committed in bad faith, and Defendant had no reasonable grounds for terminating Plaintiff's employment. As a direct result of the wrongful and discriminatory conduct of Defendants, Plaintiff has

suffered lost wages and other damages.

By their actions as described in the Complaint, including but not limited to Defendants' harassment of and discharge of Plaintiff for her reporting that she was raped by her co-worker, Defendant Harvey Leggett, and for her other complaints of sexual harassment, Defendants have discriminated against Plaintiff on the basis of her sex and race.

According to Defendant Town of Smyrna, Plaintiff and Defendant Harvey Leggett committed the same misconduct of entering the Town public library after hours. However, Plaintiff had a legitimate reason to enter the library in that she was putting a plant on her desk to help decorate the library. In contrast, Defendant Harvey Leggett had no reason to be in the library at that time. Despite the fact that Leggett had no reason to be in the library after hours, and even though he raped Plaintiff, Leggett was treated more favorably than Plaintiff by Defendant Town of Smyrna. Although both Leggett and Plaintiff theoretically received probation, only Plaintiff was forced to undergo the "required" three-month evaluation.

Further, at the end of her probationary period, Plaintiff's employment with Defendant Town was terminated, ostensibly for missing one day of work. Leggett, on the other hand, did not receive a three-month evaluation and his employment with the town was not terminated, even after he had his license revoked for receiving a DUI and was later arrested for having drugs in his car. Despite this serious misconduct, however, Leggett continues to be an employee of the Town of Smyrna.

Plaintiff's termination was in retaliation for her complaints of sexual harassment. Further, the Town's justification for its termination of Plaintiff's employment was merely a pretext for its discrimination against Plaintiff. As a direct result of this discriminatory conduct, Plaintiff suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

Defendants also committed reverse discrimination by treating Plaintiff less favorably than her co-worker, Harvey Leggett, a black male, with respect to the conditions of their probation, as described above.

Defendants further created a hostile environment by ignoring Plaintiff's complaints of sexual harassment. Further, Defendants ignored Plaintiff's later complaints that Harvey Leggett was working outside the library. Defendants further created a hostile environment by discouraging Plaintiff from filing an official complaint of sexual harassment.

Defendants violated Plaintiff's due process rights by refusing to permit her to file a grievance against Defendant Town of Smyrna. Plaintiff filed letters of grievance with the Town but was told that she had no such rights, even though the employment handbook she was given did not prohibit such grievances.

Plaintiff's rights were further violated when she was terminated by Defendant Hirt and Defendant Hugg based on Defendant Hirt's false statements to Hugg. Hirt's actions in making false statements to Hugg about Plaintiff's work performance constituted a breach of the implied covenant of good faith and fair dealing under Delaware state law.

The damages sought by Plaintiff include any and all damages provided by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, and 42 U.S.C. § 1981 and all other applicable remedies available under the law, including but not limited to, lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other pecuniary damages; back pay, including interest; reinstatement, if feasible, or in the

alternative, front pay; compensatory damages, including damages for mental and emotional pain and suffering; punitive damages; pre-judgment and post-judgment interest, attorney's fees and costs; and any other relief, whether legal or equitable, that this Court deems just and appropriate.

9. **Brief statement of defense**:

   Plaintiff was terminated from her position with the Town of Smyrna for legitimate reasons unrelated to her race or gender. Defendant Beverly Hirt recommended Plaintiff's termination because Plaintiff falsified a vacation leave request and lied to her supervisor. Other non-discriminatory factors documented in employee evaluations also played a role in the decision to terminate Plaintiff. Plaintiff's allegations against Harvey Leggett had absolutely nothing to do with her termination.

   The Town of Smyrna exercised reasonable care to prevent and correct any sexually harassing behavior. Plaintiff unreasonably failed to take advantage of the Town's procedure for filing a sexual harassment complaint

   Other similarly situated employees were not treated more favorably than Plaintiff. Plaintiff's due process rights were not violated because as a probationary employee Plaintiff was not entitled to use the Town Grievance Procedure.

10. **Statements of counterclaimants or cross-claimants**:

    There are no counterclaims or cross-claims in this case.

11. **Amendments to pleadings desired by any party, and statement whether opposed and grounds for opposition**:

    None.

12. **Certification of good faith settlement negotiations**:

    The undersigned hereby certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of this controversy by settlement.

13. **Other matters deemed appropriate by the parties**:

    None.

14. **This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.**

SCHMITTINGER & RODRIGUEZ, P.A.          AKIN & HERRON, P.A.

BY: /s/ William D. Fletcher, Jr.        BY: /s/ Bruce C. Herron
    WILLIAM D. FLETCHER, JR., ESQ.          BRUCE C. HERRON, ESQ.
    (I.D. #362)                             (I.D. #2315)

BY: /s/ Noel E. Primos
    NOEL E. PRIMOS, ESQ.
    (I.D. #3124)

BY: /s/ Adam C. Gerber
    ADAM C. GERBER, ESQ.
    (I.D. #4653)
    414 S. State Street
    P.O. Box 497
    Dover, DE 19903
    (302) 674-0140
    Attorneys for Plaintiff

1220 N. Market St.
Suite 300
P.O. Box 25047
Wilmington, DE 19899
Attorneys for Defendant

SO ORDERED on _____, 2006.

_____
THE HON. JOSEPH J. FARNAN, JR.