IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI M. (SMITH) PRILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | C.A. No. 04-1286 (JJF) |
| TOWN OF SMYRNA; DAVID S. | * | |
| HUGG, III, individually and in | * | |
| his official capacity as Town Manager; | * | |
| BEVERLY A. HIRT, individually | * | |
| and in her official capacity as | * | TRIAL BY JURY DEMANDED |
| Director of the Smyrna Public | * | |
| Library; and HARVEY LEGGETT, | * | |
| individually and in his official | * | |
| capacity as Supervisor of Streets/ | * | |
| Foreman of Public Works, | * | |
| | * | |
| Defendants. | * | |

---

## JOINT PROPOSED JURY INSTRUCTIONS

---

**WILLIAM D. FLETCHER, JR., ESQUIRE** (I.D. #362), **NOEL E. PRIMOS, ESQUIRE** (I.D. #3124), and **ADAM C. GERBER, ESQUIRE** (I.D. #4653), of Schmittinger & Rodriguez, P.A., 414 S. State Street, P.O. Box 497, Dover, Delaware 19903, for the Plaintiff;

**BRUCE C. HERRON, ESQUIRE** (I.D. #2315), 1120 N. Market Street, Suite 300, P.O. Box 25047, Wilmington, Delaware 19899 for the Defendants.

## TABLE OF CONTENTS[1]

| | PAGE |
|---|---|
| J-1:  INTRODUCTION | 1 |
| J-2:  PROVINCE OF THE COURT AND JURY | 2 |
| J-3:  EVIDENCE | 3 |
| J-4:  NATURE OF CLAIM | 5 |
| J-5:  STATUTORY AND REGULATORY LANGUAGE: TITLE VII | 6 |
| J-6:  "GENDER" | 7 |
| J-7: DISPARATE TREATMENT UNDER TITLE VII | 8 |
| P-8:  BURDEN OF PROOF: GENERAL | 9 |
| D-8:  BURDEN OF PROOF: GENERAL | 11 |
| J-9:  BURDEN OF PROOF | 13 |
| J-10: INDIRECT EVIDENCE--ELEMENTS OF *PRIMA FACIE* CASE | 14 |
| J-11:  DIRECT AND CIRCUMSTANTIAL EVIDENCE | 15 |
| J-12:  NATURE OF CLAIM: DISPARATE TREATMENT | 16 |
| J-13: DISCRIMINATORY INTENT | 17 |
| J-14:  NATURE OF CLAIM: HOSTILE ENVIRONMENT SEXUAL HARASSMENT | 18 |
| J-15: VICARIOUS LIABILITY FOR SEXUAL HARASSMENT | 20 |
| J-16: "SUPERVISOR" | 21 |
| J-17: EMPLOYER'S ACTION | 22 |
| P-18: FAVORABLE TREATMENT OF SOME MALES OR FEMALES | 23 |
| J-19:  NATURE OF CLAIM: RETALIATORY DISCHARGE | 24 |
| J-20:  PROOF OF RETALIATION | 25 |
| J-21:  NATURE OF CLAIM: SECTION 1981 | 26 |
| J-22:  REVERSE RACE DISCRIMINATION | 27 |

---

[1]    The parties agree that the order of these instructions may be changed at a future time.

J-23: *PRIMA FACIE* CASE--REVERSE RACE DISCRIMINATION                      28

P-24: REVERSE RACE DISCRIMINATION--ESSENTIAL ELEMENTS                      29

J-25: STATUTORY LANGUAGE: 42 U.S.C. § 1983                                30

P-26: NATURE OF CLAIM: SECTION 1983                                       31

J-27: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING               32

J-28: BUSINESS JUDGMENT                                                   33

J-29: AGENCY ADMITTED                                                     34

J-30: DAMAGES - IN GENERAL                                                35

J-31: ACTUAL DAMAGES                                                      36

J-32: COMPENSATORY DAMAGES                                                38

J-33: BACKPAY--DISCHARGE                                                  39

P-34: EXEMPLARY OR PUNITIVE DAMAGES                                       40

P-35: PUNITIVE DAMAGES UNDER SECTION 1983                                 42

J-36: OBJECTIONS - RULINGS ON EVIDENCE                                    43

J-37: CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY           44

J-38: OPINION EVIDENCE - EXPERT WITNESS                                   45

J-39: JURY'S DELIBERATIONS                                                46

J-40: CURATIVE INSTRUCTION                                                47

## J-1:  INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## J-2:  PROVINCE OF THE COURT AND JURY

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### J-3: EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness' credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.

Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard

and the exhibits you have seen.

**Source:**     Adapted from 3 <u>Modern Federal Jury Instructions</u> ¶74.01, Instruction 74-1 (1991).

### J-4:  NATURE OF CLAIM

Plaintiff was employed by Defendant Town of Smyrna until July, 2003.  Plaintiff alleges that her superiors from Defendant Town of Smyrna, Beverly Hirt and David Hugg, retaliated against her for her complaints that she was raped by her co-worker, Harvey Leggett in the Town Library after work hours and for other complaints of sexual harassment.  Plaintiff also alleges that Defendant Town of Smyrna discriminated against her in violation of Title VII of the Civil Rights Act on the basis of her sex and race.  Plaintiff also claims that Defendant Town of Smyrna, through its employees and/or agents, violated her rights under State law by making false accusations against Plaintiff resulting in her termination.

Defendants assert that Plaintiff was terminated from her position with the Town of Smyrna for legitimate reasons unrelated to her race, gender or any complaints regarding Harvey Leggett.  The Town claims that it exercised reasonable care to prevent and correct any sexually harassing behavior and that Plaintiff unreasonably failed to take advantage of the Town's procedure for filing a sexual harassment complaint.

### J-5: STATUTORY AND REGULATORY LANGUAGE: TITLE VII

42 U.S.C. § 2000e-2(a) provides that:

It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.210 (2003).

J-6:  "GENDER"

Plaintiff has alleged that she has been discriminated against on the basis of her gender.

Gender refers to the quality of being male or female.

**Source:**     McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.220 (2003).

7

<u>J-7: DISPARATE TREATMENT UNDER TITLE VII</u>

To prevail on a claim of gender discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant Town of Smyrna had a reason or motive to discriminate against her by treating Plaintiff's similarly situated co-worker more favorably than it treated Plaintiff and when it terminated Plaintiff.

Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that Plaintiff's gender was a motivating factor in Defendant Town of Smyrna's treatment of Plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that gender was a motivating factor in Defendant Town of Smyrna's treatment of Plaintiff.

**Source:**     McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.300 (2003); <u>Josey v. John R. Hollingsworth Corp.</u>, 996 F.2d 632, 638 (3d Cir. 1993).

## P-8:  BURDEN OF PROOF:  GENERAL

Plaintiff has the initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination.

If Plaintiff succeeds in proving a *prima facie* case, a rebuttable presumption of discrimination arises, and the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for the employment action.

If Defendant articulates a legitimate, nondiscriminatory reason for its actions, the presumption of discrimination is rebutted.  Plaintiff must then show that it is more likely than not that the employer's proffered reason is in reality a pretext for unlawful discrimination.

You may choose not to accept an explanation offered by Defendant for its actions either if you disbelieve the explanation offered or if you find that the proffered explanation really is a pretext for retaliation or discrimination.

Ms. Smith-Priller may prove that wrongful retaliation occurred by showing that the Defendants' explanations are pretextual, that is, unworthy of belief. Ms. Smith-Priller may demonstrate that the employer's reasons are unworthy of credence through evidence showing:

(1)    that the offered reasons had no basis in fact,

(2)    that the offered reasons did not actually motivate the actions against her, or

(3)    that they were insufficient to motivate the actions against her.

In order to prevail, the plaintiff must convince you both that the employer's reasons for its actions were false and that discrimination was the real reason. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).  If you do not believe the employer's proffered legitimate reason, you are permitted, but not required, to render a verdict for the plaintiff. Hicks, 509 U.S. at 511.  If you disbelieve the employer's proffered reasons for terminating the plaintiff, you may conclude that discrimination occurred, and the plaintiff is not required to

9

present additional evidence of discrimination.  However, it is not enough to disbelieve the

employer.  You must believe the plaintiff's explanation of intentional discrimination.

**Source:**     McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.190 (2003).

## D-8: BURDEN OF PROOF: GENERAL

Plaintiff has the initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. If Plaintiff succeeds in proving a *prima facie* case, the burden of production shifts to defendant to articulate a legitimate, non-discriminatory reason for the employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The employer satisfies its burden of production by introducing evidence which would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993). The employer need not prove that the tendered reason actually motivated its behavior, as throughout this case the ultimate burden of proving intentional discrimination always rests with the plaintiff. Texas v. Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once the employer articulates a legitimate, non-discriminatory reason for its actions, Plaintiff must then show that it is more likely than not that the employer's proffered reason is in reality a pretext for unlawful discrimination.

You may choose not to accept an explanation offered by Defendant for its actions either if you disbelieve the explanation offered or if you find that the proffered explanation really is a pretext for retaliation or discrimination.

Ms. Smith-Priller may prove that wrongful retaliation occurred by showing that the Defendants' explanations are pretextual, that is, unworthy of belief. Ms. Smith-Priller may demonstrate that the employer's reasons are unworthy of credence through evidence showing:

(1)    that the offered reasons had no basis in fact,

(2)    that the offered reasons did not actually motivate the actions against her, or

(3)    that they were insufficient to motivate the actions against her.

In order to prevail, the plaintiff must convince you both that the employer's reasons for its actions were false and that discrimination was the real reason. St. Mary's Honor Center v.

Hicks, 509 U.S. 502 (1993). If you do not believe the employer's proffered legitimate reason, you are permitted, but not required, to render a verdict for the plaintiff. Hicks, 509 U.S. at 511. If you disbelieve the employer's proffered reasons for terminating the plaintiff, you may conclude that discrimination occurred, and the plaintiff is not required to present additional evidence of discrimination. However, it is not enough to disbelieve the employer. You must believe the plaintiff's explanation of intentional discrimination. Id. at 519.

### J-9:  BURDEN OF PROOF

The burden is on the Plaintiff in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim. If you find the evidence in this case to be equally balanced so that the resolution of the liability issue is as reasonable or as likely to be right under the defendants' version as under the Plaintiff's version, then you must conclude that the Plaintiff has failed to sustain her burden of proof and your decision must be resolved in favor of the Defendant.

To the extent I have instructed you that a particular defense is an affirmative defense, then the Defendant must prove it by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

 In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source:**       Devitt, et. al., <u>Federal Jury Practice and Instructions</u>. ¶72.01.

13

### J-10: INDIRECT EVIDENCE--ELEMENTS OF *PRIMA FACIE* CASE

When a plaintiff alleges that she was discharged due to unlawful discrimination she establishes a prima facie case by showing: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was discharged; and (4) other similarly situated employees not in the protected class were treated more favorably.

**Source:**       Josey v. John R. Hollingsworth Corp., 96 F.2d 632, 638 (3d Cir. 1993).

14

## J-11:  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness who observed firsthand what occurred and which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, it would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. It is the inference of one fact from another fact that has been proved. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella; that would be circumstantial evidence from which you could conclude that it was raining.

You are instructed that circumstantial evidence, as I have just defined it, is no different in its effect from direct evidence. Both forms of evidence are equally valid and may form the basis for your determination.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one. Nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### J-12: NATURE OF CLAIM: DISPARATE TREATMENT

Plaintiff may prove that her termination was because of her sex by showing that her sex played a motivating role in, or contributed to, the employer's decision.

Plaintiff may prove that the forbidden animus was a motivating factor through presentation of either "direct" or "circumstantial" evidence. This is in addition to the burden-shifting method of proof.

**Source:** McNamara and Southerland <u>Federal Employment Jury Instructions,</u> § 3:170.

16

J-13: DISCRIMINATORY INTENT

Proof of discriminatory intent is critical in this case. Discrimination is intentional if it is done voluntarily, deliberately, and willfully. Discriminatory intent may be proved either by direct evidence, such as statements made by a person whose intent is at issue, or by circumstantial evidence from which you can infer a person's intent. Thus, in making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or omitted by a person whose intent is in issue as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. In order to prevail on his/her claim, Plaintiff must show that she was qualified for her position and that she was treated less favorably by Defendant Town of Smyrna and its employees and/or agents on the basis of her race or sex. Remember that Plaintiff must show only that race or sex was a motivating factor in Defendant's decision. She does not have to show that it was the only or even a major factor in Defendant's decision. If Defendant has offered a non-discriminatory reason or reasons for its actions and you believe that reason or reasons, then your verdict should be for Defendant. If, however, you do not believe that this reason or reasons were the real reason or reasons for the Town's actions, and you believe the plaintiff's explanation of intentional discrimination., you may find that Plaintiff has proven her claim of intentional employment discrimination.

**Source:**    *Standing Orders, Jury Instructions - Title VII Discrimination*, Magistrate Judge
John M. Facciola, United States District Court for the District of Columbia

17

J-14:  NATURE OF CLAIM: HOSTILE ENVIRONMENT SEXUAL HARASSMENT

"Hostile environment" sexual harassment involves no tangible job benefit or detriment. Sexual harassment occurs in this instance when an employer subjects an employee to an environment so offensive as "to alter the conditions of the employee's employment and create an abusive work environment."

In order to establish a claim of sexual harassment based on the existence of a hostile work environment, Plaintiff must show:

      1.     The plaintiff belonged to a protected class;

      2.     The plaintiff was subject to unwelcome sexual harassment;

      3.     The harassment complained of was based upon sex;

      4.     The harassment complained of affected a term, condition, or privilege of employment;

      5.     In the case of co-worker sexual harassment, the existence of *respondeat superior* (the employer knew or should have known of the harassment and failed to take prompt, effective remedial action).

However, an employer is not liable to an employee for hostile work environment sexual harassment if: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior and; (2) the plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer.  Thus, if you find that Plaintiff unreasonably failed to utilize the anti-harassment procedures promulgated by the Town, your verdict on the hostile environment sexual harassment claim should be for the defendants.

However, an employer is not protected from liability for sexual harassment merely because the employer has a grievance procedure and Plaintiff elected reasonably not to pursue the grievance procedure.

**Source:**     Adapted from McNamara and Southerland, <u>Federal Employment Jury Instructions</u>
¶¶1.70.30 and 1.1000 (2003).  <u>See</u> <u>also</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S.
775, 807-808 (1998); <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17, 21 (1993);
<u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 67 (1986); .

### J-15: VICARIOUS LIABILITY FOR SEXUAL HARASSMENT

If you find that Plaintiff was sexually harassed by her supervisor you must then determine whether the employer is liable. Whether the employer is liable may depend on whether a tangible employment action was, in fact, taken against Plaintiff.

As already defined, a "tangible employment action" is a significant change in the employment relationship, such as firing, denial of a raise, bonus, promotion, overtime pay, or holiday pay, demotion, undesirable reassignment, substantial changes in the work schedule, or a decision causing a significant change in benefits.

Here, Plaintiff alleges that such employment actions were taken against her because of her complaints that she was raped by her co-worker, Harvey Leggett.

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.930 (2003).

<u>J-16: "SUPERVISOR"</u>

Plaintiff has claimed that the hostile environment in this case was caused by one or more of her supervisors. Because the law imposes different duties on an employer if the harassment was caused by a supervisor, you must first determine if the alleged harasser was, in fact, a supervisor of Plaintiff.

A supervisor is a person who can directly or indirectly affect a tangible employment action. A "tangible employment action" consists of a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits. If you find that the harasser in this case held the power to directly or indirectly affect a tangible employment status as defined above, then you must find that the harasser was a supervisor.

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.950 (2003).

<u>J-17: EMPLOYER'S ACTION</u>

In judging whether the employer is liable, you must consider whether the employer took actions reasonably designed to stop the harassment. Such actions may include:

1.    having a sexual harassment policy;

2.    enforcing that policy;

3.    removing offensive materials from the workplace;

4.    training employees about sexual harassment;

5.    investigating claims of sexual harassment; and

6.    disciplining employees who engaged in sexual harassment.

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.990 (2003).

22

<u>P-18: FAVORABLE TREATMENT OF SOME MALES OR FEMALES</u>

The protections against discrimination under federal law apply to each person individually. Therefore, the fact that Defendant did not discriminate against all female employees protected under federal law does not lessen its responsibility for discrimination against some female employees. Accordingly, you need not find that discrimination always occurred against all females in order to find that discrimination occurred on any particular occasions. You must evaluate each allegation of discrimination on its own facts.

**Defendants note their objection to this instruction as unnecessary, duplicative and confusing to the jury.**

**Source:**        McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.1110 (2003).

23

J-19: NATURE OF CLAIM: RETALIATORY DISCHARGE

Retaliation is the imposition of a job-related detriment or withholding of a job-related benefit by the employer, or by coworkers with the acquiescence of the employer, as a result of the employee's protest about sex discrimination or sexual harassment or the employee's resort to corrective mechanisms provided by the employer or governmental agencies.

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.660 (2003).

24

## J-20: PROOF OF RETALIATION

It is up to you to decide whether Plaintiff has proved her claim of retaliation by a preponderance of the evidence. It is Plaintiff's burden to show that it is more likely so than not so that her engaging in a protected activity was a substantial factor in the decision of Defendants to terminate her. If you find that she has met that burden and it is more likely so than not so that her pursuing a complaint of sexual harassment was a substantial factor in the decision of Defendants to terminate her, then your verdict should be for Plaintiff. If, on the other hand, you find that it is more likely so than not so that the explanation given by Defendant for terminating Plaintiff was a substantial factor in the decision it made, [or that Plaintiff's claim and Defendant's explanation are equally likely,]* then your verdict should be for Defendant.

Alternatively, if you do not believe the given explanation was the real or full reason for Defendant's decision to terminate Plaintiff's employment, you may find that Plaintiff has proven her claim of retaliation, particularly if you believe that Defendants who testified did not put forth honestly the reason for their decision to terminate Plaintiff's employment. If you have determined that Plaintiff has proven, by a preponderance of the evidence, that retaliation was a substantial factor in Defendants' decision, then you must also determine whether Defendant has proven, by a preponderance of the evidence, that it would have terminated Plaintiff's employment even in the absence of retaliation. You must determine whether Defendants would have made the same decision even if you find it more likely so than not so that retaliation was a substantial factor in the decision it made to terminate Plaintiff's employment.

[If you find that defendants would have terminated Plaintiff's employment even in the absence of retaliation, your verdict should be for the defendants.]*

**\*Plaintiff objects to the inclusion of the bracketed language.**

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶1.665 (2003).

25

J-21:  NATURE OF CLAIM: SECTION 1981

Plaintiff's claim for recovery under Section 1981 is based on a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.

**Source**:       Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions</u>

<u>J-22: REVERSE RACE DISCRIMINATION</u>

It is prohibited to commit race discrimination against all people, including members of the majority.

**Source:**     McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.112 (2003).

J-23: *PRIMA FACIE* CASE--REVERSE RACE DISCRIMINATION

In a reverse discrimination case based on disparate treatment, a *prima facie* case is established upon a showing that (1) background circumstances support the suspicion that the defendant is an unusual employer that discriminates against the majority, and (2) the employer treated similarly situated employees differently because of their race.

**Source:**    McNamara and Southerland, Federal Employment Jury Instructions ¶3.201 (2003).

28

<u>P-24: REVERSE RACE DISCRIMINATION--ESSENTIAL ELEMENTS</u>

Your verdict must be for Plaintiff and against Defendant Town of Smyrna on Plaintiff's reverse race discrimination claim if all the following elements have been proved by the preponderance of the evidence:

*First*, Defendant treated Plaintiff less favorably than her black, male co-worker, Harvey Leggett; and

*Second*, Plaintiff's race was a motivating factor in Defendant's decision.

**Defendants note their objection to this instruction on the grounds that Harvey Leggett and Plaintiff were not similarly situated employees.**

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.610 (2003).

29

J-25:  STATUTORY LANGUAGE: 42 U.S.C. § 1983.

Section 1983 of Title 42 of the United States Code provides that:

Any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

P-26:  NATURE OF CLAIM: SECTION 1983

Your verdict must be for Plaintiff and against the Defendants on Plaintiff's Section 1983 claim if all of the following elements have been proved by a preponderance of the evidence:

*First*, the defendants treated Plaintiff less favorably than her co-worker, Harvey Leggett; or the defendant, terminated Plaintiff's employment; or violated Plaintiff's due process rights by failing to permit her to file a grievance against Defendant Town of Smyrna.

*Second*, Plaintiff's race was a motivating factor in the defendant's decisions; and

*Third*, Defendants acted under color of state law.

**Defendants note their objection to this instruction on the grounds that Harvey Leggett and Plaintiff were not similarly situated employees.**

**Source:**       McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.201 (2003).

31

## J-27:  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

In addition to her federal claims, Plaintiff has brought certain claims under Delaware law, including a claim for breach of the implied covenant of good faith and fair dealing. Pursuant to this theory, a covenant of good faith and fair dealing is implied in every employment contract, whether written or unwritten, in the State of Delaware.  In other words, each party to the employment contract, both the employer and the employee, are held to a duty of good faith and fair dealing.

One of the ways in which an employer can violate the implied covenant of good faith and fair dealing is by making false statements about an employee in order to procure the termination of that individual's employment.

[Plaintiff's claim in this case is that her supervisor, Beverly Hirt, made false accusations about Plaintiff to Town Manager David Hugg that resulted in the termination of Plaintiff's employment.  Plaintiff claims that these false representations by Defendant Hirt to Defendant Hugg were an act of deceit and misrepresentation intended to convince Hugg to terminate Plaintiff's employment with the Town of Smyrna.]*


**\*Defendants object to the portion of the instruction within the brackets above as an unnecessary and prejudicial comment on Plaintiff's claims which goes beyond an explanation of applicable law.**


**Source:**      E.I. Dupont de Nemours & Co. v. Pressman, 679 A.2d 436 (Del. 1996).

32

## J-28: BUSINESS JUDGMENT

An employer has the right to make personnel decision on employee status. Your verdict should not be based on whether or not you believe the employer's decisions were wrong or mistaken, or whether you think the defendants' personnel decisions were fair. Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). You must determine whether discriminatory animus motivated the defendants, not whether the defendants were wise, shrewd, prudent or competent. Id. Your decision is limited to the question of whether defendants discriminated against Plaintiff on the basis of sex or race or retaliated against the plaintiff. Id.

## J-29:  AGENCY ADMITTED

It has been admitted in legal documents filed in this case that, at all times relevant to this litigation, Beverly Hirt and David Hugg were employees acting within the scope of their employment and were the agents of Defendant Town of Smyrna.

[As a matter of law, therefore, Defendant Town of Smyrna is equally responsible with Beverly Hirt and David Hugg for any acts or omissions they may have committed at the time of the incident.]*

**\*Defendants object to the portion of the instruction within brackets above as an incorrect statement of the law.**

**Source:**     Fields v. Synthetic Ropes, Inc., 215 A.2d 427, 432-33 (Del. 1965).

34

## J-30:  DAMAGES - IN GENERAL

If you find, based on the foregoing instructions, that Plaintiff has met her burden of proving that the Defendants violated Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, or that Defendants breached the implied covenant of good faith and fair dealing under state law, or any combination of these, you will then determine the amount of damages she should receive, if any. The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of Plaintiff on the question of liability, by a preponderance of the evidence, and in accord with the other instructions. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered any damages.

Any damages you decide to award must not be based on speculation or on uncertainty.

In this case, if you have found Defendants liable to Plaintiff under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983 or the implied covenant of good faith and fair dealing, Plaintiff may prove and recover damages consisting of deprived wages and the losses she sustained as a result of being excluded from any bonuses, pension or other lost fringe benefits from the date of the violation to the present.  The law also provides that prejudgment interest on this amount may be awarded at the rate of _____.  In other words, Plaintiff can recover damages equaling the difference in value of compensation by way of salary, bonuses, pension, fringe benefits and prejudgment interest due her between that which she received and that which she would be entitled to had she not been discriminated against.

A damage is proximately caused by an act whenever it appears, from the evidence in the case, that the act played a substantial part in bringing about or actually causing the damage. The damage must be either a direct result or a reasonably probable consequence of the act or omission.

35

## J-31:  ACTUAL DAMAGES

If you find in favor of Ms. Priller on her Title VII claims, her 42 U.S.C. § 1981 or 42 U.S.C. § 1983 claims, or her breach of the implied covenant claim, then you must award Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate Plaintiff for any wages and fringe benefits you find Plaintiff would have earned in her employment with the Town of Smyrna if she had not been discharged on July 7, 2003, through the date of your verdict, *minus* the amount of earnings and benefits from other employment received by Plaintiff during that time, plus interest.

You are also instructed that Plaintiff has a duty under the law to "mitigate" her damages - that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by the preponderance of the evidence, that Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount of the wages and fringe benefits she reasonably would have earned if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture, and you must not award damages under this instruction by way of punishment or through sympathy.

**Source:**    See Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 808 (8th Cir. 192); Krause v. Dresser Indus., Inc., 910 F.2d 674, 680 (10th Cir. 1990)(back pay formula of lost wages and benefits *minus* interim earnings and benefits); Cornetta v. United States, 851 F.2d 1372, 1381 (Fed. Cir. 1988); Fariss v. Lynchburg Foundry, 769 F.2d 958, 966 (4th Cir. 1985)(severance pay and wages from other employment are offsets). But see Doyne v. Union Electric Co., 953 F.2d 447, 451-52 (8th Cir. 1992)(holding that pension benefits are a "collateral source benefit"); Dreyer v. Arco Chem. Co., 801 F.2d 651, 653 n.1 (3d Cir. 1986)(Social Security and pension

36

benefits not deductible); <u>Protos v. Volkswagen of Am., Inc.</u>, 797 F.2d 129, 138-39 (3d Cir. 1986)(unemployment benefits not deductible); <u>Rasimas v. Michigan Dep't. of Mental Health</u>, 714 F.2d 614, 627 (6th Cir. 1983)(same). But <u>cf</u>. <u>Toledo v. Nobel-Sysco, Inc.</u>, 892 F.2d 1481, 1493 (10th Cir. 1989)(deductibility of unemployment compensation is within trial court's discretion; <u>EEOC v. Enterprise Ass'n Steamfitters Local No. 638</u>, 542 F.2d 579, 592 (2d Cir. 1976)(same).

37

## J-32: COMPENSATORY DAMAGES

If you find that Defendant Town of Smyrna discriminated against Plaintiff in violation of Title VII, then, in addition to other damages that you may choose to award Plaintiff, you may also award compensatory damages for emotional pain, suffering, inconvenience, and mental anguish.

You may award damages for any pain, suffering, or mental anguish that Plaintiff experienced as a consequence of Defendants' unlawful acts. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Source**:    Devitt, Blackmar, and Wolff, <u>Federal Jury Practice and Instructions</u>, §104A.11 (1993 Supp.)

38

J-33: BACKPAY--DISCHARGE

In the event you are convinced by the evidence that Defendant discriminated or retaliated against Plaintiff, then you must determine the amount of damages Plaintiff has sustained.

If you find that Plaintiff was a victim of sex discrimination, then Plaintiff is entitled to backpay. The measure of backpay in this case varies, as it depends on which of the decisions of Defendant you determine were discriminatory or retaliatory.

If you find that Plaintiff's discharge from her employment in July of 2003 was based on her sex, the measure of backpay is what Plaintiff would have earned had she not been terminated from Defendant in July 2003 less any monies she has earned in other employment since that time. Backpay includes what Plaintiff would have earned and the value of the benefits she would have received had she remained employed by Defendant instead of being terminated.

**Source:**    McNamara and Southerland, Federal Employment Jury Instructions ¶1.1260 (2003).

39

P-34: EXEMPLARY OR PUNITIVE DAMAGES

If you find that the individual defendants discriminated against Plaintiff under 42 U.S.C. § 1983, then you may award Plaintiff exemplary or punitive damages. Punitive damages may be awarded, in the discretion of the jury, in a breach of contract case to punish a defendant for conduct that is similar in character to an independent tort, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award Plaintiff punitive damages if you find that the acts or omissions of the individual defendants were willful or wanton, or if its actions in breaching the implied covenant were sufficiently similar to an independent, intentional tort, or wrongful act. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter it and others like it from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the individual defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent these defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the individual defendants may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in

40

fixing the sum to be awarded, you should consider the degree to which these defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter these defendants or persons like them from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against any defendant, you may consider the financial resources of that defendant in fixing the amount of such damages.

**Defendants note their objection to this and any other instructions on punitive damages on the grounds of insufficient evidence upon which the jury could find that any defendant acted in a willful, wanton, extreme or outrageous manner.**

Sources:    4 Modern Federal Jury Instructions, ¶87.03, Instruction 87-92; Schatzman v. Martin Newark Dealership, Inc., 158 F.Supp.2d 392, 399 (D.Del. 2001); Thurston v. Liberty Mut. Ins. Co., 16 F.Supp.2d 441, 448 (D.Del. 1998).

41

### P-35: PUNITIVE DAMAGES UNDER SECTION 1983

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff and against any of the individual defendants, and if you find by the preponderance of the evidence, that defendants' treatment of Plaintiff was motivated by evil motive or interest, or that the defendants were callously indifferent to Plaintiff's rights, then in addition to any damages to which you find Plaintiff entitled, you may, but are not required to, award Plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendants or to deter the defendants and others from like conduct in the future. Whether to award Plaintiff punitive damages, and the amount of those damages are within your discretion. You may assess punitive damages against any or all of the individual defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed to such defendants may be the same or they may be different.

**Defendants note their objection to this and any other instructions on punitive damages on the grounds of insufficient evidence upon which the jury could find that any defendant acted in a willful, wanton, extreme or outrageous manner.**

**Source:**    McNamara and Southerland, <u>Federal Employment Jury Instructions</u> ¶3.730 (2003)

## J-36: OBJECTIONS - RULINGS ON EVIDENCE

From time to time during the trial I have been called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I have made that I have any opinions on the merits of the case favoring one side or the other. And if I sustained an objection to a question that went unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

**Source:**     3 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> §70.01 (excerpt) (4th ed. 1987).

43

J-37: CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

**Source**:      3 Devitt & Blackmar, Federal Jury Practice and Instructions § 73.01 (4th ed. 1987); 75A Am. Jur. 2d Trial §§ 747, 749, 750.

44

## J-38:  OPINION EVIDENCE - EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Source:**      3 Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u> §72.08 (4th ed. 1987).

## J-39: JURY'S DELIBERATIONS

How you conduct your deliberations is up to you. But I would like to suggest that you discuss the issues fully, with each of you having a fair opportunity to express your views, before committing to a particular position. You have a duty to consult with one another with an open mind and to deliberate with a view to reaching a verdict. Each of you should decide the case for yourself, but only after impartially considering the evidence with your fellow jurors. You should not surrender your own opinion or defer to the opinions of your fellow jurors for the mere purpose of returning a verdict, but you should not hesitate to reexamine your own view and change your opinion if you are persuaded by another view.

Your verdict, whatever it is, must be unanimous.

## J-40: CURATIVE INSTRUCTION

I have read to you a long and lengthy set of instructions. Although the instructions are somewhat complex, they are intended to be considered as an entire unit. For that reason, you should not choose one or more parts of these instructions and attempt to give them greater weight than any other part. You should try, to the extent that you are able, to follow the instructions as an entire body of law explained to you by the Court. The fact that some particular point may be covered in these instructions more than another point should not be regarded as meaning that I intend to emphasize any point. The Court is absolutely impartial in this case and it is not intended, and I do not now intend, to give emphasis to any point or to express an opinion in any way concerning the outcome of this case.

I have given instructions that refer to damages which Plaintiff alleges she sustained in this case.

The fact that I have instructed you as to the proper measures of damages should not be considered as intimating any view of mine about whether or not the Plaintiff is entitled to such damages. Instructions as to the measure of damages are given for your guidance only in the event that you should find from a preponderance of the evidence in the case that the Plaintiff is entitled to such damages.

If you find from the evidence that the Plaintiff is not entitled to recover, then you will find for Defendant and no damages will be awarded. On the other hand, if you find for the Plaintiff, you will then give consideration to the evidence on the points of injuries and damages, if there have been any, and award such damages as may be reasonable and proper, giving careful and due consideration to all the evidence presented in this case.