IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KARI (SMITH) PRILLER, :
:
    Plaintiff, :
:
v. : Civil Action No. 04-1286-JJF
:
TOWN OF SMYRNA, et al., :
:
    Defendant. :

## MEMORANDUM ORDER

Pending before the Court is the Office Of The Attorney General's Motion To Quash Subpoena Duces Tecum (D.I. 42). For the reasons discussed, the Motion will be denied.

### I. BACKGROUND

Plaintiff filed her Complaint on September 21, 2004, alleging, inter alia, race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff's Complaint relates to an alleged rape of Plaintiff by Defendant Harvey Leggett and other Defendants' treatment of her following the alleged rape. On December 16, 2005, Plaintiff issued a subpoena duces tecum to the Records Custodian for the Office of the Attorney General, a non-party, requesting the Attorney General's file relating to the rape charge against Harvey Leggett. Specifically, Plaintiff requested:

> The complete file, including all records, reports, documents, statements, notes, photographs, audio and/or video tapes, rape kit, and any other information relating to the rape charge made by Kari M. Smith on or about 12/20/02 against Harvey Leggett.

(D.I. 42 at 1).

The Attorney General's office filed the instant Motion, contending that the subpoena should be quashed based on governmental privilege. In response, Plaintiff contends that, although a governmental privilege exists, it is qualified. Plaintiff argues that an exception should be recognized here because Plaintiff's interest in the discovery substantially outweighs the Attorney General's interest in protecting information that will not be used to prosecute Defendant Leggett.

## II. DISCUSSION

Non-parties served with a subpoena can file a timely objection and request that the Court quash or modify the subpoena to protect them from disclosing privileged or protected matter. Fed. R. Civ. P. 45(c)(3)(A)(iii). The governmental privilege, also referred to as the law enforcement, executive, deliberative process, or official information privilege, "is a qualified privilege designed to prevent the disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." Torres v. Kuzniasz, 936 F. Supp. 1201, 1209 (D.N.J. 1996); United States v. O'Neill, 619 F.2d 222, 229 (3d Cir. 1980); Williams v. Alexander, 1999 WL 743082, at *1 (Del. Super. June 29, 1999).[1]  In determining

---

[1] The Court has reviewed the Delaware state court opinions submitted by both parties and concludes that the Court's decision is consistent with those opinions, particularly Williams, 1999 WL

2

whether such information is discoverable, a court must balance the "the public interest in having the information remain secret against the litigant's need to obtain discovery." Chladek v. Commonwealth of Pennsylvania, 1998 U.S. Dist. LEXIS 3424, at *6 (E.D. Pa. Mar. 19, 1998).[2]

The Court finds that Plaintiff's interest in obtaining the requested information substantially outweighs the Attorney

---

743082. However, where the Court's jurisdiction is based on a federal question, even though some claims may arise under state law, considerations of privilege are governed by federal law. Gannett v. First Nat'l State Bank, 546 F.2d 1072, 1076 (3d Cir. 1976); Fed. R. Evid. 501.

[2]The Eastern District of Pennsylvania has provided several factors to use in weighing the competing interests, which have been cited by various district courts in the Third Circuit:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to plaintiff's case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

3

General's interest in not having the information disclosed. Plaintiff filed this civil action to pursue her claims of discrimination and contends that the information contained in the Attorney General's file is "vital" to Plaintiff proving her claims. (D.I. 45).

In weighing the Plaintiff's interest in the file information against the Attorney General's interest, the Court finds two circumstances highly relevant. First, information contained in the Attorney General's file relates to the alleged rape, which has been denied by Defendant Leggett. (D.I. 45, Ex. A, p.48). The information is factual, and if testing was performed, technical in nature, and therefore, highly relevant and likely unavailable to Plaintiff from other sources. Second, it is unlikely that production of the information will thwart efforts to investigate and prosecute the alleged crime. The Court understands that no prosecution is contemplated and all official actions are complete.

In sum, the Court finds that Plaintiff's interest in the file information substantially outweighs any present interest of the Attorney General. However, if the Attorney General believes a specific part of the file absolutely requires protection, that portion of the file should be submitted for <u>in camera review</u>.

NOW THEREFORE, IT IS HEREBY ORDERED that the Office Of The Attorney General's Motion To Quash Subpoena Duces Tecum (D.I. 42) is **DENIED**.

May __3__, 2006

                                                /s/ Joseph J. Farnan
                                                UNITED STATES DISTRICT COURT